Shipper, President.
 

 This is the very case put in the books, and the rule which is founded upon it, extends generally to all civil suits. When a confession is given in evidence, all that was said must be stated, and the whole, generally speaking, ought to be taken together, unless such circumstances of improbability appear, as will render it necessary for the defendant to prove what he asserts in avoidance of a conceded fact,
 
 (a)
 
 It is true, there are some occasions when a jury will charge a man with what he acknowledges against himself, and yet refuse to credit him for what he advances in his own favor. As, if he should admit, that he purchased the goods, which the plaintiff alleges were sold to him, but insists that he paid for them at a particular time and place, in the presence of certain persons ; and those persons, on being examined, declare that they were present at the time and place mentioned, but that they did not see the defendant make any payment to the plaintiff : here, undoubtedly, the rule ought not to operate.
 

 In the present case also, the jury will not be influenced by the defendant’s saying he repaid the money, if they do not think it credible, or if anything can be gathered from the evidence, to show that it was not paid, when he says it was.
 

 ’“'Verdict for the plaintiff : owing, I believe, to some slight testimony, that seemed to repel the idea of the defendant’s having repaid the money.
 

 When
 
 Howell
 
 offered himself as a witness,
 
 Levy
 
 objected that he was interested, inasmuch as his judgment-fee depended on his success in the cause. But the objection was overruled by the court.
 
 (b)
 

 (a)
 

 s. p. Farrel
 
 v.
 
 McClea, post, p. 392. In Blight
 
 v.
 
 Ashley, Peters C. C. 20, Judge Washington said, “ The whole of an entire conversation may be given in evidence, to explain the meaning of the parties; the testimony cannot be garbled. But what a party has said at one time, which makes against him, cannot be explained by declarations made at another time, which, possibly, were made to get rid of the effect of former declarations.
 

 (b)
 

 It has been held, that an attorney or counsel, is competent to give evidence for his client, although he expects to receive a larger fee, if hie client recover. Miles v. O'Hara, 1 S. & R. 32.