## John R. Livingston v. William Rogers.

THIS cause came before the court on three several motions, which the counsel upon the argument agreed should be taken, and considered together. The first was a motion by the defendant in arrest of judgment. The second, one by the defendant also, for a new trial on the ground of a discovery of evidence. The third, by the plaintiff, for leave to amend his declaration, by increasing the damages laid, so as to cover the extent of his demand.

The decision of the court was confined to only the first and third motions; and, as it embraces all the points relied on by the counsel, it is unnecessary to give the arguments used.

In support of the motion in arrest they relied on two reasons:

1st. That the several *assumpsits* in the three first counts of the declaration (which was on a stock contract) were void, for want of consideration.

2dly. That there was no record in the office, to warrant the circuit record, by virtue of which, the trial was had.

Feb. Term,
1804.

The counts complained of, stated the agreement to deliver and receive the stock, and that in consideration the plaintiff had, *at the defendant's request*, promised to perform his part, the defendant *afterwards, to wit, on the same day* promised, &c.

*Per Curiam*, delivered by KENT, J.   This is a case of mutual promises, where the one is intended to be the consideration for the other.   It is a well settled rule, that in such cases, the promises must be stated to have been made at the same time.* Otherwise, the one antecedently made will be without consideration, and consequently not sufficient to support the other.   The question here is, whether a valid promise is laid, on the part of the plaintiff, so as to form a consideration for that on the part of the defendant.   The case in *Hobart* uses the strong language, that the promises must be at one instant, or they are *nude pacts*.   It was once held, in *Howlett's* case,† that to lay the defendant's promise *afterwards on the same day*, was sufficient; because the court would not allow of any division in a day.   But in other respects that case is not altogether applicable. There the defendant's promise was in consideration of an antecedent sale and delivery in part; and the point advanced, of not allowing a division in a day, is repugnant to the case of *Cooke* v. *Oxley*.‡   It was in that decided, that if one party has till a different time of the same day to assent to the agreement, the other party is not held to his prior promise, and the promises are *nuda pacta*.   It is clear, therefore, from this last decision, and from the reason of the thing, that mutual promises, where one is the consideration of the other, must be made not only on the same day,

* *Esp. Di. 132. Bull. N. P.* 146, 7. *Hob.* 88. 1 *Bac. Abr.* 267. *n.* in margin, new edition. *Cro. Eliz.* 137. *Kirby* v. *Cole.*

† *Latch.* 150.

‡ 3 *D. & E.* 653.

but at the same time : they must be concurrent en- Feb. Term, 1804. gagements.  The plaintiff's promise is here stated to have been made at the request of the defendant. If, instead of a naked promise, the plaintiff had, at the defendant's request done an act, which was either a damage to himself, or a benefit to the defendant, it would have been sufficient to have supported the defendant's promise.  An *assumpsit* founded on a past consideration of beneficial service rendered to the defendant at his request, is good.  Such are the cases of *Franklin* v. *Bradell*,[*] *Church* v. *Church*,[†] and * *Hutton*, 84.<br>† *T. Ray.* 260. *Stile* v. *Smith*.[‡]  The reason that a past considera- ‡ 2 *Leon.* 111.<br>*Vide* also *Cro. Eliz.* 282. tion, beneficial to the defendant, must be laid to have been done upon request is, that it is not reasonable, that one man should do another a kindness, and then charge him with a recompense.  This would be obliging him, whether he would or not, and bringing him under an obligation without his concurrence.  In many cases a request[§] may be implied from the be- § See 1 *Saund.* 264. note 1 by *Williams,* Serjt. who has collected the law on the subject of assumptions laid upon request.  See also 1 *Fonb.* 336. and *Hob.* 106. neficial nature of the consideration, and the circumstances of the transaction.  But in the present case the plaintiff's promise being laid to have been made upon request, gives it no validity from that circumstance ; for the request alone creates not, of itself, any consideration.  In addition to the request, there must be something made or done between the parties, beneficial to the one, or onerous to the other.  There must either be a consideration executed, or executory. Even one executed will do if laid to have been done upon request.  The plaintiff's promise in the present case can be valid only because made in consideration of the defendant's promise; and if the latter was not made at the same time, but at a subsequent period, the plain-

tiff's promise was without consideration and void. I am of opinion this is the just and necessary conclusion in this case ; for the promises are not laid as concurrent, but as made at different times. The case of *2 Stra. 933.* *Hayes* v. *Warren*,* I regard as perfectly in point. That was an action on the case upon promises, and after judgment by default and entire damages, it was alleged, in error from the common pleas to the king's bench, that on the fourth count, which was for work and labour done, the consideration was laid as past and executed, and not to have been done upon request. Although the work and promise were both laid on the same day, it was held that it must be taken to be a past consideration, as it was stated that " *postea*" he promised ; and the judgment was reversed. The work and labour here were beneficial to the defendant, but not being laid to have been done upon request, the court would not declare it so.— They seemed, however, to doubt whether a request might not be inferred from some other expressions in the count, and rather intimated, that had the judgment been after verdict, the request might have been inferred. But there appeared to be no doubt, that the defendant's promise, by being laid as being made afterwards, although upon the same day, was to be deemed subsequent, so as to render the plaintiff's act, a past and executed consideration. In a case in *Pillans* v. *Van Mierop*, *3 Burr.* 1671. *Burrows*† this decision is pronounced by WILMOT, J. to be absurd. It was not, however, on the ground that the consideration was not justly deemed as executed, but because, in his opinion, according to the cases I have mentioned, a past beneficial consideration, with circumstances to imply a request, was sufficient to support the promise. The case, there-

fore, for the purpose that I cite it, stands unimpeach- Feb. Term, 1804. ed, and is conclusive on the question. If we consult the precedents of declarations* upon mutual pro- * 3 Mor. Va. Me. 142. 2 Rich. C. P. 73. mises, they uniformly state the promises to be concurrent ; that when the plaintiff had promised, the defendant in consideration thereof, *then and there* assumed upon himself. From hence I conclude, that the promises in the three first counts of the declaration, are not laid as a sufficient consideration for each other ; because they are not stated to have been made concurrently, or at the same time, but at different times of the same day. According to the decision in *Strange*, and according to common understanding, the meanings of the expressions " afterwards" and " at the same time," are totally distinct. The last count is good, but the damages being entire,† the † 3 Wils. 185. Cowp. 276. judgment must be arrested. The case of *Crosby* v. *Adams* and *Bellamy*, decided in this court in *July* term, 1795, and afterwards reversed upon error, is stated also to be in point. The counts in that cause were precisely the same, as to laying the time of the mutual promises, and if the court of errors went upon the same objection, that I have been considering, as was suggested in the argument‡ of this cause, that ‡ By *Benson*, who was at that time on the bench. decision is sufficient to uphold this opinion. Though it is not now necessary to consider the want of a record authorising the trial, which was urged as another ground for arresting the judgment ; yet, as connected with the other, it may not be inexpedient to notice it. It appears, from the record, that on the first trial a verdict was given for the defendant, and an exception taken to the opinion of the judge. That upon the removal of the cause into the court of errors, the judgment of this court in favour of the defend-

Feb. Term, ant, was reversed, a *venire de novo* ordered, and the
1804.
record was remitted back to this court. This order
of the court above was correct. Not having the re-
cord before them, but only a transcript of it, they
could not of themselves, award a *venire de novo* but
agreeably to the *English* precedents, they very pro‑
perly adjudged that the court below should make

*2 Saund.* such an award.* This is all that appears before us.
101. v. 1 *D.*
*& E.* 783. 4 This court never has made an award of a *venire de novo*
*Bro. Pa. Ca.*
288. 1 *Lill.* in pursuance of the direction of the court of errors.
*Ent.* 243.
*Yelv.* 76. *Cro.* The second trial was consequently without any au-
*Jac.* 206. 1
*Salk.* 403. 1 thority, and in my opinion, altogether null and void.
*Ld. Ray.* 10. There certainly never was an instance of a new trial
*Carth.* 319.
*Skin.* 514. 2 had without any award by the court for the same, and
*H. Black.*
211. without any record of such award, and such new tri-
al held good, merely in consequence of the appear-
ance of the defendant. A defect of record is movea-
† 1 *Roll. Abr.* ble in arrest of judgment,† and is a deficiency that is
200. *pl.* 27.
*Bac. Abr. tit.* not in any shape amendable. Irregularities in the
*Amendment.*
(D.)4. *lib. tit.* contents, or in the execution of jury process are
*Juries. J.* amendable. The process is amendable by the roll,
and the circuit record is amendable by the issue roll.
So mere continuances may be entered after judgment,
but no case ever came up to the present. In this
there was a trial without any award for it whatso-
ever, either upon the record or the minutes of the
court. The circuit judge had no authority to try a
second time the matter in issue on the issue roll ;
without an award of a *venire de novo* by the court.——
There are cases were a trial has been held void, be-
cause the *venire* was not warranted by the roll, and
the cause was tried by a different jury than that which
‡ *Latch.* 194. the record directed.‡ To hold this amendable in the
*Hob.* 76.
present case, would be unprecedented, and in my

opinion, would tend to the abolition of all regularity, form and order in our practice and judicial proceedings. I hold it essential, that it should be made to appear, that previous to the last trial there was an order for a *venire de novo*, the court of errors not having of themselves made such an order, and not having the authority to do it. As then the second trial was without any award of a *venire*, it was an absolute nullity, and the judgment must be arrested, unless the party choose to move to award a new *venire*. As there is one good count in the declaration, the plaintiff may, if he choose, on the first ground, sue out a *venire de novo*, and may also amend his three first counts by striking* out the words " *afterwards, to* " *wit*," being the ground on which the judgment ought to be arrested. This, however, must be on payment of costs since declaring. On the point of amending by enlargement of the damages laid, the court† is divided, consequently the plaintiff in this respect takes nothing by his motion.

* 7 D. & E. 56.

† Consisting of only *Kent* and *Thompson*, Justices, no others giving any opinion.