<div style="text-align:right">NEW-YORK,<br>Nov. 1810.<br><br>COMSTOCK<br>v.<br>SMITH.</div>

<div style="text-align:center">Judgment for the plaintiff.</div>

---

<div style="text-align:center">COMSTOCK <em>against</em> SMITH.</div>

THIS was an action of *assumpsit*. The declaration contained five counts: 1. *Indebitatus assumpsit*, for 2,000 dollars, for a farm sold, &c. 2. *Quantum valebat* thereon; 3. Money had and received; 4. " For that whereas the defendant, on the 15th *March*, 1808, &c. in consideration that the plaintiff had before that time sold and conveyed to the defendant a certain farm, &c. then and there undertook to pay," &c. 5. " For that whereas, on, &c. at, &c. the defendant promised and agreed, as part consideration for a certain farm, &c. which the plaintiff had before that time sold and conveyed to the plaintiff, that he would pay," &c.

A verdict having been found for the plaintiff,

<div style="margin-left:60%">Where, in an action of assumpsit, the plaintiff, in his declaration, stated, that the defendant, " in consideration that the plaintiff before that time sold and conveyed a certain farm, &c. to the defendant, the defendant then and there undertook," &c. it was held, that the count was not sufficient to support the action, the promise being founded on a past considera-</div>

*tion*, and it not being alleged that the farm was conveyed at the *request* of the defendant.

Where a promise is founded on a past consideration, it must be laid to have been done on the *request* of the party promising, or, at least, it must appear, that he was under a *moral* obligation to do the act, or procure it to be done.

1 *Read, defendant*

*Gold*, for the defendant, moved in arrest of judgment,

1. Because there is no sufficient consideration set forth in the fourth and fifth counts of the plaintiff's declaration, to support the *assumpsit;* and the farm alleged to have been sold, &c. is not said to have been sold and conveyed at the request of the defendant.

2. Because, in the 5th count, it is not alleged that the promise and undertaking of the defendant was in consideration of the farm being sold and conveyed to the defendant.

He cited 3 *Caines*, 134. 139. 333.

*N. Williams*, contra.

*Per Curiam.* This is a motion in arrest of judgment. The fourth count states, that the defendant, " in consideration that the plaintiff had there, before that time, sold and conveyed unto the before-named defendants a certain farm or lot of land, situate in the town of *Adams*, in the said county of *Jefferson*, the defendant then and there undertook," &c. This is a promise grounded on a past consideration, and all the cases agree that it must be laid to have been done upon request of the party promising, or at least it must appear that the party promising was under a moral obligation to do the act himself, or procure it to be done. (See the cases well collected in 1 *Saund.* 264. note 1. and 1 *Fonb.* 336. and they are referred to in 1 *Caines*, 585.) It does not seem requisite in every case of a past consideration, to lay an express request in the declaration, though the cases in which it is not required are rather exceptions to the general rule. They are such in which a beneficial consideration and a request are necessarily implied from the moral obligation under which the party was placed. (*T. Raym.* 260. 3 *Burr.* 1672. 1 *Caines*, 586. *Str.* 933. 2 *Leon.* 111. 1 *Fonb.* 336.) If we

apply this rule to the present case, we cannot say that either benefit or duty were necessarily implied from the act done by the plaintiff. The plaintiff may have had no title to the lot conveyed. The nature of the estate conveyed is not alleged, nor is it in any way described. It may have been held adversely at the time of the conveyance, or the deed may have been delivered as an escrow, or never accepted by the defendant. It would be departing from all precedent to say, that here was enough implied to cure the want of an averment of the act being done upon request.

This objection equally applies to both counts, and the judgment must consequently be arrested.

Judgment arrested.