BRANDIGEE *against* HALE.

THIS was an action of *assumpsit*, on three promissory notes, payable on demand, made by the defendant to one *Jacob Bran-digee*, or order, and by him endorsed to the plaintiff, dated the 18th of *April*, 1807, for one hundred dollars each. The cause was tried at the *Otsego* circuit, in *May*, 1815, before Mr. J. Spencer.

L. *Elderkin*, the attorney for the plaintiff, was called as a wit-ness on the part of the plaintiff, and objected to by the defend-ant's counsel, because the plaintiff being a non-resident, and no bond having been filed, in pursuance of the 14th rule of *January* term, 1799, he was, therefore, liable for costs. These facts being admitted, a bond was drawn and executed by three per-sons, in the penalty of two hundred dollars, with condition to pay costs to the defendant, in case a verdict should pass in his favour, or the plaintiff become nonsuit : the bond was tendered to the defendant's counsel, who admitted the obligors to be abundantly responsible, but refused to receive it. The judge then decided that the witness had done all in his power to exonerate himself from his responsibility to the defendant, and that he might be sworn as a witness for the plaintiff, upon filing the bond with the clerk, which was done. The witness proved the hand-writing of the maker and endorser. Evidence was produced, on the part of the defendant, to show that at a settlement of ac-counts, which took place on the 22d of *August*, 1808, the notes in question were included, which was opposed by contradictory

Where an action was brought by a non-resident plaintiff, and, at the trial, the plaintiff's attor-ney was pro-duced as a wit-ness for his cli-ent, and was ob-jected to on the ground that no security had been filed for the costs, and that, therefore, he was interested, and a bond was immediately ex-ecuted, and ten-dered to the de-fendant's coun-sel, who admit-ted the sufficien-cy of the obli-gors, but refu-sed to receive it, and it was then filed with the clerk; it was held that this was a bond of which the de-fendant might have availed himself had a verdict gone in his favour, and that the compe-tency of the wit-ness was re-stored. But, if the de-fendant had not admitted the sufficiency of the obligors, could the judge, at the circuit, have decided upon it? *Quære.*

testimony on the part of the plaintiff; none of which, however, is it important to state. The jury being directed by the judge to find a verdict for the defendant, if they believed that the notes were included in that settlement, or, if not, then for the plaintiff, they gave a verdict for the plaintiff.

The defendant now moved for a new trial, and the case was submitted to the court without argument.

PLATT, J., delivered the opinion of the court. Upon the first question, as to the competency of the witness, we are of opinion that the bond for costs, so executed and filed. would have been available to the defendant, in case the verdict had been for him, or the plaintiff had become nonsuit: and as the defendant acknowledged the sufficiency of the obligors, I think the attorney was properly admitted as a witness. If the solvency of the sureties had been denied, it might have presented a question of more embarrassment. I think it very questionable, whether the judge, at the circuit, could determine upon the sufficiency of the obligors, so as to absolve the plaintiff's attorney from eventual liability for costs. Upon the second question, as to the sufficiency of the evidence, I see no just ground to disturb the verdict. The question of fact, submitted to the jury, turned, in a great degree, upon the credibility of witnesses, of which they were the most proper judges.

Judgment for the plaintiff.