### JEWETT & AL. *v.* THE INHABITANTS OF THE COUNTY OF SOMERSET.

The Court of Sessions may lawfully order the location of a county road, to be at the expense of the petitioners. *Semble.*

The law will not imply a promise, against the protestation of him who is attempted to be charged with it.

THE Legislature of *Massachusetts*, in order to open a communication between the District of *Maine* and the British province of *Lower Canada*, passed a Resolve *June* 12, 1817, directing the Commissioners for the sale and settlement of the public lands in the District of *Maine* forthwith to *cause to be opened and completed* a suitable road from the lands known by the name of *Bingham's Kennebec purchase* to *Canada* line; and to take such measures as they might find necessary to obtain the location of a road, by the county Courts, *over Bingham's purchase*, if the proprietors of that tract should neglect to do it; and authorizing the Governor to draw his warrant on the treasury for the money necessary for completing this object, not exceeding a limited sum.

In compliance with this resolve, the Commissioners preferred their petition to the Court of Sessions for the county of *Somerset*, at *August* term 1817, praying for the location of a county road over *Bingham's purchase;* and after due notice to all persons interested, the Court adjudged it to be of common convenience and necessity that the road prayed for should be laid out and established as a public highway, and appointed the plaintiffs a committee to lay it out accordingly; " *the service to be performed at the expense of the petitioners.*" The plaintiffs, having laid out the road agreeably to the commission issued for that purpose, made report of their doings, which the Court accepted and ordered to be recorded. And the petitioners refusing to pay the expense of locating the road, on the ground that it was a public service, and chargeable to the county, this action was brought to recover the amount of those expenses; and the foregoing facts were agreed in a case stated for the opinion of the Court.

Jewett & al. *v.* Somerset.

The cause was argued at this term by *Boutelle* for the plaintiffs, and *Rice* and *Allen* for the defendants.

*Arguments for the plaintiffs.*

1. The expenses of laying out county roads are chargeable to the county, because these expenses necessarily arise in the discharge of a duty imposed by law on the counties. The *Stat.* 4 *W. & M. ch.* 12, authorized the Courts of Sessions to assess money on the several towns for the repair of bridges, &c. and all other proper county charges: And by *Stat.* 1781. *c.* 22, it is made the *duty* of the Justices to make an estimate of monies sufficient to meet those expenses which have " been usually considered as county charges:"—and such had been the expenses of laying out highways, for more than a century.

Upon an application to the Court of Sessions for a new county road, the Court is bound by law to determine on the expediency of granting the petition. If the way be adjudged of common convenience and necessity, it is the duty of the Court to carry this adjudication into effect, by appointing commissioners to lay out the way. To the time of this adjudication, the expenses of the petition are usually borne by the petitioners : after this, they cease to be parties,—have no voice in the appointment of the commissioners,—no interest distinct from the rest of the public. If then the commissioners are appointed by the Court, to perform a service for the public, and not for the sole benefit of private persons, it is reasonable that they be remunerated out of the public purse. *Stat.* 1787. *c.* 67. *sec.* 4. *proviso.*

2. As to the *condition.* No Court can lawfully render a conditional judgment, but by express warrant of law. Here the condition imposed on the petitioners, that they should pay the expense, is void, and the adjudication good for the residue. Nothing is to be presumed in favour of inferior jurisdictions. 4 *Mass.* 641. 497,

3. No action can be maintained against the Commissioners for the sale of Eastern lands, because they acted in the character of public agents. *Hodgdon v. Dexter,* 1 *Cranch* 345.

4. If it be objected that the commissioners laid out the road *on the credit of the petitioners,* it is answered, 1. that the Court not being authorized to annex that condition to the warrant, it

is to be presumed that the commissioners did not rely on it:—and 2. that if they did rely on it, yet it being void because illegal, they may now well resort to the county ; on the principle that one, assuming to be the agent of another, and making a contract in the name, and on the credit of his pretended principal, is liable personally on the contract, if he were not clothed with authority to bind his principal. *Sumner v. Williams*, 8 *Mass.* 189.

*For the defendants*, it was contended that there was nothing in the facts agreed on, from which the law could imply a promise. An implication of that kind would not only be unsupported by the facts in the case, but would be directly repugnant to the condition expressed in the judgment of the Court of Sessions. This condition, which is by no means uncommon, was not only a part of the judgment, but was recited in the commission which issued to the plaintiffs, and under which they performed the service in question.

It is not for the plaintiffs, then, to urge that they performed that service upon the faith or expectation that they should be paid by the defendants, since the contrary was expressly stated in the commission under which they acted. *Whiting v. Sullivan*, 7 *Mass.* 107.

But the defendants cannot be liable in this case, however they might be, under other circumstances. The purpose for which the road was made is very evident from the *Resolve* of *June* 12, 1817. It was to open a communication between the *Commonwealth of Massachusetts* and the *Province of Lower Canada*; and the agents of *Massachusetts* were directed, in their public capacities, to take suitable measures to carry this purpose into effect, and, if necessary, to solicit the aid of the Court of Sessions. That aid was solicited, in their public character as agents, and was granted upon such terms as the agents were content to accept, and as the plaintiffs in this case were content to act under. The condition being recited in the commission, the plaintiffs must necessarily know that the service they were about to perform was to be performed at the expense of the petitioners, who were the authorized agents of the *Commonwealth of Massachusetts*, at whose instance and direction and for whose benefit the road was located, and upon whose sense of justice the plaintiffs may doubtless very safely repose.

MELLEN C. J. This is an action of a new impression, and we are not aware of any legal principles on which it can be supported.

It is well known that the Legislature of *Massachusetts* considered that a public road through a part of the county of *Somerset*, to the line dividing this State from *Canada*, would be of vast importance to this section of the country ;—that it was an object demanding public patronage and public exertion ;—that the contemplated extent and expense of such a road would be such as to render it improper that that county should be burthened with this expense. Under these impressions a resolve was passed authorizing the location and completion of the road, under the authority of certain commissioners,—money was granted them for the purposes then in view,—and the commissioners were directed to apply to the Court of Sessions for the interposition of its powers. With these instructions the commissioners applied to the Court of Sessions for the county of *Somerset* to lay out the intended road. The Court adjudged it expedient that the road should be laid out *at the expense of the petitioners.* A committee was appointed to lay it out,—and to prevent all mistakes and improper conclusions, it was expressly stated, in the warrant to the committee, that they were to perform the service assigned them at the expense of the petitioners. The return was accepted,—the petitioners refused to pay the expense,—and this action is brought against the county for the purpose of compelling payment from their treasury.

This action is resisted on several grounds ; but we do not think it necessary to examine all of them, nor to inquire whether an action will or will not lie against the petitioners ;—nor whether the Court of Sessions have or have not power to assess money to defray the expense of laying out roads ;—nor whether such Court is *bound* to lay out county roads. The single question is, whether this action can be maintained ;—and we are all very clear that it cannot. No *express* promise is pretended to have been made. Does the law *imply* one ? In a declaration upon a promise on a consideration which is *past*, it is always necessary to allege that the act performed, or sum paid, was performed or paid at the request of the defendant. 1 *Chitty* 297. *Livingston v. Rogers*, 1 *Caines* 583. But in the

Hallowell *v.* Bowdoinham.

present case all implication is rebutted by the adjudication, and the warrant;—in both of which it is declared that the *petitioners*—not the county—are to defray the expense. Instead of a request, there is an express refusal; and notice of this refusal given to the plaintiffs before they entered on the service. They were under no obligation to proceed, until their fees and expenses were paid them; and if they have imprudently given credit, it is not the fault of the county. The principle of the case of *Whiting v. Sullivan* is sound and familiar. The law will not imply a promise, against the protestation of him who is attempted to be charged with it.

No eventual loss will accrue to the plaintiffs. The Legislature of *Massachusetts* will unquestionably indemnify them, according to their original intention.

*Plaintiffs nonsuit.*