Curia, per Woodworth, J.
The attorney for the plaintiff was fully secured; and his testimony, therefore, properly received.
The instrument in' question does contain the consideration of the promise; which was land sold to the Chaces. For this, as the consideration, the defendant- acknowledged himself holden to pay the 150 dollars. The objection, therefore, that the instrumement does not show a consideration upon its face, is not well taken, if that consideration be sufficient.
I think the action cannot be maintained upon this promise, however, which is in consideration of a mere past sale of land to third persons. It does not appear that the defendant had any other agency or concern with the purchase of the land than this: about 16 months after the contract was made with Á. & S. Chace, he executed the writing in question, which is, in substance, a promise to pay 150 dollars for land sold to them: The presumption is, that it referred to the contract of salé of the 28th of January, 1818.
There is no evidence that the sale was made at the request of the defendant, or that he, at the time, agreed to become security, or in fact, had any knowledge of the ^"transaction. What then is the consideration for the promise ? Ho other is pretended than that A. & SI Chace, being obligated to pay the plaintiff a sum of money for land sold to them, the defendant afterwards promised to" pay a-portion of it. The defendant may be considered as a stranger until he executed the instrument declared on. It was a naked promise to pay the already existing debt of another, not made at, the time of the contract to which it is collateral. The consideration, such as it- is, was past or *360 execute^) an<i will not support an assumpsit, unless proved to have been done at the request of the defendant, or, at least, that he was under a moral obligation to pay. A past consideration, although beneficial to the defendant, is not sufficient, unless done on request. [1] If the plaintiff had sold *360-1 or conveyed the land to the defendant, and alleged that in consideration thereof, he subsequently promised to pay íor it, without alleging that it was conveyed at his request, *360-2 the promise would be yoid. Th~ fQflp.wing authorities settle tbe law on this question: 7 John. 87; 8 John. 29 10 John. 243; 1 Caine; 583.
New trial denied.

 If the consideration be wholly past, and executed before the promise be made, it is not sufficient, unless the consideration arose at the request of the party promising; and that request must have been expressly made, or be necessarily implied, from the moral obligation under which the party was placed; (1 H. Bl. 90; 1 Caines, 584; 7 John. 87; 10 id. 243; 1 Barn. & Ald. 104; 2 Str. 933; 7 Conn. R. 57; 1 M’Cord, 514;) for I shall not be permitted to do you a kindness, and then charge you with it, even though you promise to pay for it. As if I voluntarily, and without your knowledge, procure bail for your servant, who is arrested; or without your jprivity or consent, voluntarily bestow my labor or service in saving your property from destruction by fire, and you afterwards promise to pay me for my trouble, this promise shall not bind you. Dyer, 272, a; 7 John. 87; 1 Caines, 583; 20 John. 28.
But where the act which forms the consideration is done at the request of the party promising, the circumstance of the promise being subsequent in point of time to the consideration, will not affect it; as if A. request B. to endeavor to procure a pardon for A., and after B. has made such endeavor, A., in consideration thereof, promises to pay him a certain sum of money; tMS is a good consideration; (1 Roll. Abr. 11, pl. 6;) and where the consideration is actually beneficial to the defendant, the law will sometimes imply a request; as if I pay your debt, or buy goods for you, and you agree to the payment, or receive the goods; or if the plaintiff bury the son or wife of the defendant, who dies in his absence, in these instances, the law will imply a request. Vid. cases cited 1 Com. on Con. 23; 14 John. 188; 10 John. 243; 1 Caines, 683. And in this, and other instances, of like beneficial considerations, some of which we have before noticed, though altogether past, the jury may infer a request in order to support the promise. 14 John. 188. And a consideration executed in part, and continuing at the time of the promise, and completed afterwards, will always support a promise, though it be begun and completed, without the request of the party promising. Vid. cases cited, 1 Com. on Con. 24, 25. But the consideration, in order to support a promise, must always be such as the promisee has it in his power to perform. Id. 28, 29. If one person make a promise to another for the benefit of a third, that third person may maintain an action upon it. 1 Bos. & Pull. 101, n.
Eorbearance to sue by the creditor, for a certain time, or generally, without specifying any time, is a good consideration to support a promise to pay the debt of a third person, if properly expressed in the writing. 4 John. 237, And it seems that if. A, verbally request a merchant to credit another person for goods, and he do so, the past consideration is sufficient to support a written contract, afterwards formerly signed by A, Vid. Fell on Merc. Guar. 39, 40, 260. And where you refuse to give credit to A. for goods, till he gives *360-1 you a promissory note, stating for value received, and I write under the note, “ I guaranty the above,” and sign my name to it, upon which you let A. have the goods; although this is a collateral undertaking, upon which, if by parol, I should not be bound, yet my written guaranty shall bind me; for, though it be true, that no consideration is directly expressed by me for my undertaking, yet it shall be referred to the value received, mentioned in the note of A.; and being all one transaction, there is thus a sufficient consideration to be gathered from the face of the instrument, to sustain my engagement within the meaning of the statute of frauds. 8 John. 29. Such a paper imports one original entire transaction; for a guaranty of a contract implies, from the force of the term, that it is a concurrent act, and part of the original agreement. Id. 40, per Kent, Ch. J. Hence, the plaintiff may declare if he chooses, on the contract itselfj without troubling himself about the original consideration, and recover as in ordinary cases, by a simple proof of the instrument.
In considering these cases, arising under the statute of frauds, we should be careful not to confound a promise to the creditor, to pay the sum due to him from his debtor, with a promise to the debtor, to pay and discharge the debt which he owes to his creditor. This last case steers altogether clear of the statute of frauds. And therefore, where I deliver money, or goods, or other thing to a man, or cause such delivery to be made to him by another, and he, in consideration thereof, or upon any other consideration moving between us, promises me by parol to discharge my debt due to A., this is a good promise to me, upon which I may maintain an action on default of performance. 2 East, 325; id. 332, per Lawrence and LeBlanc, Js.; 18 John. 121.
To render a promise void, there must be a subsisting demand against the person whose liability is assumed. Upon this principle it has been determined that the parol promise of a third person to pay a certain sum and costs, in consideration that the plaintiff, in an action for assault, would not proceed to trial, is valid. 1 Wils. 305. The court considered such promise as an original undertaking; that the third party, the defendant in the action for an assault, was not a debtor; that he did not appear to have been guilty of any default or miscarriage, and that as the cause was not tried, he might have succeeded, and therefore never was liable. Id., and vid. 2 Barn. & Ald. 616. So a promise by an individual to pay for goods, not necessaries, furnished to an infant, is valid and binding—for the infant is not, in such case, liable. 1 Burr. 373. But where A. had wrongfully, and without the license of B., ridden his horse, and thereby caused its death, it was held that a promise by a third person to pay the damage thereby sustained, in consideration that B. would not bring any action against A., was collateral and void, unless in writing. 2 Barn. & Ald. 613.
Where the promise is prospective, to pay the debt of another, which may *360-2 the very promise which is -made, this js considered as not affected by thestatute. Per Parker, Ch. J, 12 Mass. R. 297, 299. As where A- being imprisoned for debt, placed in the hands of B. sufficient pro- perty for .his indemnity, who thereupon solicited C. to become hail for A. and. promise by parol to save him harmless, this was held to b.e an original .pro- mise. Id. So a promise by one person to indemnify another for becoming a guarantor for a third, is an original undertaking. 4 Wen. 651. Where a party desires
an action, brought against another person, .to he de- fended, in which action he is concerned, or may be benefitted by the event; and such action is defended, and the party fails, he -is liable to pay the ex- penses of the defense; nor is it, -within the statute, in such case requisite to have a note in writing. 1 Esp. R. 162. The plaintiff, an occupier of land, at the request of the defendant and upon a promise of 'indemnity, resisted,a suit of the vicar for tithes; held, that this was not a promise required by the statute to be in writing. 6 Bing. 506, 4 Moore & Payne, 245.