The opinion of the Court was delivered by
Sergeant, J.
It would seem from what has been stated by the counsel on the argument here, that the real question in dispute between these parties was, whether the condition on which the order was drawn, was performed by the admission of Messrs. Bevan & Porter that they had no claim, or something tantamount, within the true construction of the order. The defendant contended, that his promise to pay was a conditional one, provided Bevan and Porter did not object, and that it did not appear they had waived objection. The plaintiff insisted, that the defendant had received the funds from the drawer of the order, and was liable under his promise. But the record does not contain the whole evidence, or the charge of the Court, and we cannot ascertain how 'far justice was done to the defendant on the merits. We are bound to presume that the Court charged correctly on the law, inasmuch as no error in the charge is brought before us, and if there was injustice in matter of fact, the remedy was by motion for a new trial in the Court below. The only questions presented to us, are on the bill of exception to evidence.
1. The plaintiff filed a declaration for money had and received, and gave in evidence the order. He then offered a witness to prove that the defendant had received certain funds mentioned in the order from the drawers. The evidence seems certainly ad *39 missible under the declaration, if it were afterwards followed up ¡ by other evidence to show a promise by the defendant to pay. It¡ was evidence of a consideration for such promise. The objection) to it is, that the order was conditional, and no action lay upon it, unless the plaintiff accompanied the proposed evidence, with a stipulation to produce other proof of a promise and liability. But it is usual to make out a case by steps, and the first stdp may be to show the order ; the next the consideration; and the third the promise, and if conditional, a performance or waiver of it. If the plaintiff claimed under the order, his case would not be made out without the other matters, but in putting in his evidence, it cannot be made an objection, unless the plaintiff had been called on to state the evidence he would accompany the first step with; and that was not done here.
2. Peterman does not on his voire dire show a fixed and certain interest in the money demanded in this suit. He says he was the plaintiff’s attorney, and had a demand of his own against the plaintiff; but states that the plaintiff is able to pay him without this money, though he supposes he should get his portion of it. He had not, however, settled with the plaintiff, and could not tell which was debtor; nor had this money been appropriated PaJ party’s *agent, or attorney, or creditor, may be a witness for him. 1 Yeates, 23; 2.Yeates, 89; 1 Dall. 241; 1 S. & R. 32; 14 S. & R. 178; and in point of interest, in this case, it is too contingent and remote to destroy the competency of the witness, and could only go to his credibility.
3. The bill of lading was admissible to explain the nature of the transaction. It is recognized in the receipt upon it, signed by Wright, Shelton and Co. who were stated by the defendant’s correspondents in their order on the defendant, to have been the persons who placed in their hands the money for payment of freight on the flour, shipped by Bevan and Porter.
Judgment affirmed.
Cited by Counsel, 2 Jones, 341.