## CHARLES F. PAINE *vs.* BACHELOR HUSSEY & *al.*

Giving a bond to an interested witness, to indemnify him against his liability, does not render him competent.

In an action by an indorsee on a note indorsed by the payee without recourse to him, if the indorser, at the time of making the indorsement, for a valuable consideration received of a third person, gives a written contract " to guarantee to the holders of said note the eventual payment thereof," and explains his meaning by saying that he holds himself " bound to pay the execution which may be recovered on the same in the lifetime of said execution," he has an interest to lessen the amount to be recovered, and is not a competent witness to prove a partial failure of the consideration.

ASSUMPSIT on a note dated *June* 3, 1837, for $5059,91, signed by the defendants, and made payable to *F. A. Butman*, or order, in twelve months with interest, and indorsed without recourse to him as indorsee. At the trial before WESTON C. J., one of the defendants tendered his oath to prove that there was reserved in and by the note more than at the rate of six per cent. per annum for forbearance or giving day of payment, but as the action was in the name of the indorsee, the Chief Justice rejected this mode of proof, although the defendants offered to prove that the note was the property of *Joseph Eaton*, with whom the usurious contract was alleged to have been made. *Butman* was then offered as a witness to show the failure of a part of the consideration of the note. The plaintiff objected, and introduced an instrument signed by *Butman* at the time he indorsed the note, in which he says, "For a valuable consideration rec'd of *Joseph Eaton*, I hereby promise and stand firmly bound to guarantee to the *holders of said* note the eventual payment of said note — the word eventual to be construed as this, viz. provided said note is not paid when due, and said note is sued in order to collect the same, I hold myself firmly bound to pay the execution which may be recovered on the same in the life of said execution." The defendant then offered to show that *Butman* was indemnified against his guaranty. *Butman* was rejected as a witness. The jury returned a verdict for the plaintiff, which was to be set aside, if the oath of the defendant ought to have been received, or if the witness rejected should have been admitted.

*Wells*, for the defendants, contended, that *Butman* was a competent witness. The contract was not made with the plaintiff, but with *Eaton*, who paid the consideration. The contract was not transferred or transferrable. *Eaton* is not in any way liable to the plaintiff. A payment of the whole amount of the note to him would not preclude the plaintiff from maintaining his suit. Besides, *Eaton* has disposed of the note to the plaintiff, and cannot recover any damage of *Butman*. It is like where the insured has parted with his interest in the vessel. *Lazarus* v. *Commonwealth Ins. Co.* 5 *Pick.* 76. The contract must have been entered into after the indorsement of the note, and the witness could not afterwards by his own act render himself incompetent. *Burgess* v. *Lane*, 3 *Greenl.* 165. If the witness is under any liability, it is a mere contingent interest, depending upon the suing out of an execution, and a non-payment by defendants, which does not disqualify him. *Eastman* v. *Winship*, 14 *Pick.* 44 ; 2 *Camp.* 332. But if the witness had an interest which would have excluded him, he was indemnified, and thus his interest was balanced, and he was left indifferent as to the result. *Hall* v. *Baylies*, 15 *Pick.* 51 ; *Allen* v. *Hawks*, 13 *Pick.* 79 ; *Chaffee* v. *Thomas*, 7 *Cowen*, 358.

*Boutelle*, for the plaintiff, insisted, that *Butman* was directly interested, and properly rejected as a witness. The guaranty extends to the holder of the note in its terms ; and if it did not, the beneficial interest in the contract being in the plaintiff, he could maintain an action for his benefit in the name of *Eaton*. There is a condition in policies of insurance, that it shall be void if the vessel is sold, and therefore the case cited from *Pickering* does not apply. It is a novel doctrine that offering a bond of indemnity to an interested witness restores his competency. The cases cited only show that in two instances where the liability cannot extend beyond a certain sum, putting *money* into the hands of the witness to the amount, to indemnify him against his liability, renders him competent. This is a very different case.

The opinion of the Court was drawn up by

Shepley J. — The admission of the excluded testimony is claimed upon two grounds ; first, that the witness was not so interested as to exclude him ; second, that he was indemnified.

He had become guarantee for the eventual payment of the note ; and he explains in his contract, what he intended, saying, " I hold myself bound to pay the execution which may be recovered on the same in the life of the said execution." He was offered to prove a failure of a part of the consideration of the note ; and such testimony, if believed, would have reduced the amount recovered, and have lessened the sum, which he had contracted to pay upon the execution. He was therefore directly interested in the event of the suit.

The argument to avoid this conclusion is, that his contract not having been assigned was available only to *Eaton,* who having parted with the note would suffer no injury by a failure of payment, and could therefore maintain no action upon it. The contract being in possession of the plaintiff and produced by him, and the note having been transferred to him, he was equitably entitled to the benefit of the collateral security ; and if he could not at law, he could in equity, have enforced his right to it. *Martin* v. *Mowlin,* 2 *Burr.* 969 ; *Green* v. *Johnson,* 1 *Johns. R.* 591. The argument fails to shew, that he was not interested.

Sureties upon bail and replevin bonds, and indorsers upon writs have been admitted to testify upon having deposited with them and at their disposal an amount of money fully sufficient to pay all, for which they could in any event be liable. In the case of *Chaffee* v. *Thomas,* 7 *Cow.* 358, the witness liable for costs was admitted to testify upon declaring on the *voire dire,* that he was indemnified.

The interest of a witness should be entirely discharged before he can be competent to testify. A release operates as a perfect discharge ; and the deposit of money, as before stated, may have the same effect ; for there can be no delay, expense, or risk, in procuring the means of satisfying any claim against him. But such cannot ordinarily be the effect of a bond, or other contract of indemnity. Some delay and inconvenience must be expected, for he cannot claim to be reimbursed until after he has parted with his money, or suffered injury. And if he can obtain satisfaction by collecting without a suit, his labor and trouble will be equal to a commission. If compelled to collect by a suit, he must pay expenses, which will never be fully repaid, Such will usually be the result admitting the indemnity to be perfectly good. But there

is always more or less of uncertainty whether the contract of indemnity will prove to be good ; and no prudent man having what he would consider a good bond, would regard himself so favorably situated as if he were not liable at all. In practice great inconvenience would be experienced in determining, what was or was not an indemnity so perfect as to leave the witness as free from interest as any indemnity could make him. It is much more safe to adhere to a well established rule, than to introduce an exception to it liable to the just objection, that the interest is not fully balanced or discharged, and subject to much inconvenience in practice.

The other point relating to the usury was not insisted upon at the argument.                    *Judgment on the verdict.*