## WILSON v. CALVERT, ADM'R.

1. Confessions, or admissions, must be taken altogether, but the jury are not bound to give equal credence to every part of the statement. When the admission is not a whole, or entire thing, but consists of parts, the jury cannot capriciously reject the portion favorable to the party making it ; though slight facts or circumstances would be sufficient to justify them in disregarding it.
2. In such a case, the jury, and not the Court, is the proper judge of the credit to be given to the different parts of the admission.

Error to the County Court of Mobile.

ASSUMPSIT by the defendant, against the plaintiff in error.

The declaration contains the common counts. The defendant pleaded non-assumpsit, set off, and the statute of limitations.

Upon the trial, it appears by a bill of exceptions, that the plaintiff proved a presentation, in 1841, of an account attached to the bill of exceptions, which is made out against the defendant, in fa-

vor of Charles Hammond, which includes the amount of two
other accounts against the defendant, in favor of Hogan & Ham-
mond, and that the defendant, after looking over it, said, that it
was correct, but that he had a larger demand against Hammond,
plaintiff's intestate.   Defendant and Hammond were merchants
in Mobile, and had mutual dealings.   This being all the testimo-
ny, the defendant requested the Court to charge the jury, that
under the testimony, they must find for the defendant; and fur-
ther, that the plaintiff was entitled to recover nominal damages
only.   These charges the Court refused, and charged the jury,
that if they believed the testimony of the witness, they must find
for the plaintiff the amount of the account; to which the defend-
ant excepted, and now assigns for error.

Fox, for plaintiff in error.

K. B. Sewall, contra, cited Greenl. Ev. 233; 17 Pick. 183;
Ry. & M. 257; 1 Dall. 240, 392; Douglass, 757; 5 Ala. Rep.
20, 616; 2 Stew. 445; 4 S. & P. 52.

ORMOND, J.—The established rule, as to confessions, or ad-
missions, is, that they must be taken altogether, that which makes
for the party, as well as that which makes against him.   But the
jury are not bound to give equal credence to every part of the
statement; they may for sufficient reasons, give effect to one part
of the admission, and reject the other.   What facts, or circum-
stances, would authorize the jury to reject one part of the state-
ment, and receive the other, is a question not raised upon the re-
cord.   It may however be stated, that where the admission is
not a whole, or entire thing, but as here, consists of parts, though
the jury may reject the part, making for the party asserting it,
such rejection cannot be capriciously made, though evidence of
slight facts, or circumstances, would be sufficient to authorize the
jury to refuse to give credence to a part of the statement. [Smith
v. Hunt, 1 McCord, 449; Newman v. Bradley, 1 Dall. 240;
Turner v. Child, 1 Dev. 133; Randle v. Blackburn, 5 Taunton,
245.]
    The charges moved for, were properly rejected, as they pro-
pose to take from the jury, the right to judge of the credit to be
given to the different parts of the admission, and for the same

reason, the Court erred in the charge given, by which it assumed to charge upon the facts, and in effect directed the jury to reject all that part of the testimony, by which the defendant discharged himself.

Let the judgment be reversed and the cause remanded.