# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1848, AT NORTHAMPTON.

PRESENT.

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY,
Hon. CHARLES E. FORBES, } Justices.
Hon. THERON METCALF,

---

### HENRY M. POTTER *vs.* THE INHABITANTS OF-WARE.

It is no objection to the competency of a witness called for the plaintiff, that the witness was the attorney who made the writ, — that he was actively engaged in the trial as one of the counsel for the plaintiff, — and that he opened the cause to the jury.

On the trial of this action, which took place in the court of common pleas, before *Wells*, C. J., the attorney who made the writ, and who was also actively engaged in the trial, as one of the counsel for the plaintiff, and opened the cause to the jury, was called by the plaintiff as a witness, and was allowed to testify as such, against the objection of the defendants. The plaintiff having obtained a verdict, the defendants excepted.

Potter *v.* Inhabitants of Ware.

*C. Delano*, for the defendants.   The question is, whether the attorney in a cause, who is also acting as counsel at the trial, is a competent witness for his client.   The question is a new one in this court.   It has been the usage, indeed, to admit the attorney or counsel of a party, provided he were otherwise competent, as a witness for his client.   But the question is, what is the law of evidence touching this point ?

Evidence of this description ought to be excluded, on grounds of public policy, as well as upon authority.   The rules of evidence are founded in the experience of mankind ; and according to the experience, both of the bench and of the bar, the practice of allowing the counsel in a cause to give evidence therein, as a witness for his client, is dangerous, indecent and reprehensible.*   When counsel are put upon the stand as witnesses, their conduct becomes liable to animadversion, and the profession may thus be brought into contempt.

It was a rule of the Roman law, that judges should take care that advocates be not allowed as witnesses : *Mandatis cavetur, ut præsides attendant, ne patroni in causa, cui patrocinium præstiterunt, testimonium dicant.*   Dig. 22, 5, 25.   The reason, as professor Greenleaf remarks, was, that the Roman law seemed to consider advocates " as not credible, because of the identity of their interest, opinions, and prejudices with those of their clients."   1 Greenl. Ev. § 238, note 2.

In England, the rule is now held to be, that an attorney, who is also acting at the same time as counsel, is not a competent witness.   Thus, in the case of *The King* v. *Brice*, 2 Barn. &

---

* In lord Campbell's Lives of the Chancellors, vol. i. p. 580 – 1, (Am. ed. 436,) referred to by the counsel for defendants, the following passage occurs in the account of the trial of sir Thomas More : —

"The jury, biased as they were, seeing that if they credited all the evidence, there was not the shadow of a case against the prisoner, were about to acquit him ; the judges were in dismay ; the attorney-general stood aghast ; when Mr. Solicitor, to his eternal disgrace, and to the eternal disgrace of the court who permitted such an outrage on decency, left the bar, and presented himself as a witness for the crown.   Being sworn, he detailed the confidential conversation he had had with the prisoner in the Tower, on the occasion of the removal of the books."

Ald. 606, it was held, that in a criminal case, the prosecutor could not be permitted as an advocate to state the case for the prosecution to the jury, and then as a witness give evidence of facts; and, in giving his judgment in the cause, Bayley, J., referred to a case, in which lord Ellenborough had allowed a prosecutor, who had been a witness before the grand jury on an indictment, to address the jury (on his waiving the giving evidence at the trial); but, afterwards, on being spoken to by the other judges on the subject, he expressed his conviction that he had done wrong, and that the prosecutor had no right to address the jury.

In the case of *Stones* v. *Byron*, 1 Bail Court Reports, 248, decided in 1846, it appeared, that at the trial of the cause before the under sheriff of Middlesex, several witnesses were called on the part of the defendant, who were cross examined by Thompson, an attorney, who conducted the plaintiff's case; that when the defendant's case had been concluded, Thompson addressed the jury upon the evidence, (commenting upon its improbability), and stated that he should tender himself as a witness, to disprove the statement of one of the principal witnesses for the defendant; that this course was objected to by the counsel for the defendant, but his objection was overruled by the under sheriff, and Thompson was accordingly sworn and gave his evidence in the cause. The jury found a verdict for the plaintiff, and the defendant obtained a rule to show cause why a new trial should not be granted on three grounds, one of which was the admission of the attorney to testify as above stated. The case was argued before Patteson, J., one of the judges of the queen's bench, who made the rule absolute, saying: " I would rather decide this case on the broad ground, that the attorney for the plaintiff has behaved improperly in the course he has taken in acting as advocate and witness in the same cause. I think that where a party makes a speech to the jury stating his case, cross examines the witnesses called on the other side, makes a speech in reply, and then tenders himself as a witness he ought not to be heard."

44*

In a subsequent case in the same court, that of *Dunn* v. *Packington*, decided in 1847, 1 Bail Court Reports, 312, a rule was obtained by the defendant to show cause why there should not be a new trial, on the ground, that the attorney, who had conducted the cause for the plaintiff before the under sheriff, had acted in the double capacity of advocate and witness, in stating the case to the jury and then tendering himself and being examined as a witness.   The counsel for the plaintiff endeavored to distinguish this case from that of *Stones* v. *Byron*, on the ground, that here the attorney had merely stated the case to the jury, and had then given evidence ; he had not cross examined the witnesses called on the other side, nor made a speech in reply, prior to giving evidence, as in the case cited.   But Erle, J., said :  " I quite concur in the judgment of my brother Patteson, in that case, and think that a jury ought not to be put to consider testimony given by a witness, after having just heard a speech from him as advocate in the cause.   This principle was acted on by the late lord Tenterden, and I think it is sound."

If a similar abuse has grown up here, it is not too late to revise the practice, and to establish a new and more beneficial rule.

*R. A. Chapman,* for the plaintiff.   It might be convenient, in some cases, and perhaps desirable, if the law could be altered in this respect.   On the trial of the case of *Chapin* v. *Lapham,* 20 Pick. 467, in which the counsel was not only called as a witness, but compelled by the court to examine his minutes of the testimony given on a former occasion, in order to refresh his recollection, it would have been agreeable to the counsel, if the rule had been as it is now stated to be by the defendants' counsel.

The law on this point, in England, had always been supposed to be settled, and that there was no limitation to the competency of counsel as witnesses, except as to confidential communications ; and the fact, that no case is to be found, until the decisions referred to by the counsel for the defendants, in which the general competency of counsel as

witnesses has been questioned, indicates the unanimous opinion of the profession down to that period.

In this commonwealth, it has long been the usage to call the counsel in a cause as witnesses, and no objection has ever been made to their competency. But though the point has not received a judicial decision, there are several cases which imply that such is the rule. *Caldwell* v. *Lovett,* 13 Mass. 422 ; *Chadwick* v. *Upton,* 3 Pick. 442 ; *Chapin* v. *Lapham,* 20 Pick. 467. Since the cases of *Utley* v. *Merrick,* 11 Met. 302, and *Comm'th* v. *Churchill,* 11 Met. 538, it is hardly to be supposed, that the principle of exclusion is likely to be extended in this commonwealth, any more than in England. In New York, the attorney in a cause is a competent witness. *Yordan* v. *Hess,* 13 Johns. 492 ; *Chaffee* v. *Thomas,* 7 Cow. 358. So in Pennsylvania. *Newman* v. *Bradley,* 1 Dall. 240 ; *Miles* v. *O'Hara,* 1 S. & R. 32. In Louisiana, the attorney of record is excluded by statute.

The exclusion contended for is not required on any ground of principle ; and very great inconvenience would doubtless result from holding the counsel of a party incompetent, as a witness, under all circumstances. If a change is to be made, it should be effected by a well considered and guardedly framed statute. The counsel has been obliged to go to the Roman law for authority. The fact, that professor Greenleaf also refers to the rule of the Roman law, but without stating it to be the same in the common law, is very significant.

METCALF, J. The only question that has been argued in this case is, whether the plaintiff's attorney, who acted as counsel at the trial, was a competent witness for his client ; and we know of no common law authority for excluding his testimony, besides the two very recent decisions in the English bail court, which were cited by the counsel for the defendants. By what authority the judges, sitting in that court, made those decisions, we do not know ; whether by virtue of the rules which the judges of the three chief courts of law in England are empowered, by recent statutes, to make for the uniform regulation of practice in all those courts, or by

Potter *v.* Inhabitants of Ware.

virtue of the superintending control which those courts exercise over their own officers.   See Smith on Actions at Law, 11, 24.   Whatever that authority may have been, we have no such authority.   We cannot exclude a witness by reason of any views which we may entertain respecting the policy of permitting him to testify.   We can only administer the law as we find it to be.   And by the common law, persons are competent witnesses, unless they are made incompetent by want of capacity, or of religious faith, by infamy, or by direct interest in the result of the cause.   Witnesses are every day permitted to testify, whose wishes for the success of the party who calls them are as strong as those of the party's attorney or counsel.   And until the long established rules of evidence are changed by legislative enactment, we cannot exclude a witness, merely because his testimony is to be given in behalf of his client.   Whenever, except in the bail court, attorneys and counsel have been rejected as witnesses, it has been on the same ground on which others are excluded ; namely, direct interest in the event of the suit, &c.   See *Chaffee* v. *Thomas,* 7 Cow. 358 ; *Newman* v. *Bradley,* 1 Dall. 240 ; *Miles* v. *O'Hara,* 1 S. & R. 32 ; *Geisse* v. *Dobson,* 3 Whart. 34 ; *Slocum* v. *Newby,* 1 Murph. 423 ; *Reid* v. *Colcock,* 1 Nott & McCord, 592 ; *Chadwick* v. *Upton,* 3 Pick. 442 ; *Jones* v. *Savage,* 6 Wend. 658 ; *Comm'th* v. *Moore,* 5 J. J. Marsh. 655 ; *Brandigree* v. *Hale,* 13 Johns. 125.*   In the present case, the objection to the witness was, not that he was interested, or that he was in any way incompetent, except as attorney and counsel for the plaintiff.

In most cases, counsel cannot testify for their clients without subjecting themselves to just reprehension.   But there may be cases in which they can do it, not only without dishonor, but in which it is their duty to do it.   Such cases, however, are rare ; and whenever they occur, they necessarily cause great pain to counsel of the right spirit.

*Exceptions overruled.*

---

* See also *Robinson* v. *Dauchy,* 3 Barb. Rep. 20 ; *Little* v. *McKeon,* 1 Sandf. 607.