By the Court.—Freedman, J.
The action is to enforce the liability of the defendants, as trustees of a corporation, for neglect to file the annual report required by statute. In Bruce et al. v. Platt et al., 80 N. Y. 379, it was said by Danforth, J., that it is settled by repeated decisions that the statute in question is penal, and not to be extended by construction; and that in an action to enforce a liability thereby created, nothing can be presumed against the defendants, but that every fact necessary to establish their liability must be affirmatively proved.
The amended complaint which the order appealed from permitted to be served, fails to allege the fact, that the services for which the plaintiff seeks to recover, were rendered at the request of the corporation. Such a request is vital to the cause of action (Dinsmore v. Mayor, &c., 4 Hun, 643), for otherwise, from all that appears upon the record, the rendition of the services may have been a voluntary courtesy. Comstock v. Smith, 7 Johns. 87; Bartholomew v Jackson, 20 Johns. 28; Griffin v. Potter, 14 Wend. 209; Maltby v. Harwood, 12 Barb. 473; Ingraham v. Gilbert, 20 Barb. 151; Williams v. Hutchinson, 3 N. Y. 312.
Even where a promise to pay, made subsequent to the rendition of services, is shown, it must also be shown that the services were rendered at the defendants’ request. Frear v. Hardenbergh, 5 Johns. 272; Comstock v. Smith, 7 Johns. 87; Parker v. Crane, 6 Wend. 647.
As the existence of a fact not averred will not be presumed, unless the presumption necessarily arises from what has been alleged (Malone v. Sherman, 49 Superior Ct. R. 530), and the amended complaint contains no allegations from which a request may be presumed or implied as a necessary consequence, the *406 amended complaint is demurrable on its face. Such a defect cannot be obviated by a liberal construction.
The amended complaint being demurrable upon its face, the court below, under the decision of Pracht v. Ritter, 48 Super. Ct. 509, had no discretion to allow it to be served as an amendment of the’ earlier complaint which had been adjudged insufficient. (See 54 Superior Ct. 123.)
The order should be reversed with ten dollars costs and disbursements to be taxed.
Sedgwick, Ch. J., and O’Gorman, J. concurred.