LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of murder in the first degree and sentenced to life imprisonment.
According to the undisputed evidence of the State, on the morning of December 27, 1975, Mrs. Katie McAuley, 69 years of age, was found lying on the ground on her back on the north side of Mildred Street, Montgomery. She had been killed by a bullet passing at an angle from the left side of her nose and completely transecting the brain. Soon after the arrival of her body at the funeral home, the bullet was removed from within the cranium.
The Montgomery Police Department commenced a prompt and careful investigation. Their investigation soon centered largely upon 527-B Clayton Court, an apartment rented to Willie Ballard and Kenneth Cole, with whom defendant had been living about two or three weeks prior to December 27, 1975. According to the testimony of Ballard, he owned a 38 caliber pistol, which he left loaded in a drawer in his room on the morning of December 26. He did not return to his home until the night of December 27. At that time the pistol was in the drawer in his room, but it was empty. Defendant was on the premises about five minutes when the witness returned to his room and found the pistol empty.
Charles Wesley Smith, employed as a criminalist by the Alabama Department of Toxicology and Criminal Investigation, testified that he examined the particular pistol and the bullet that had been removed from the deceased. He said that the pistol and the bullet were of the same caliber, that he test-fired the pistol and found some similar markings on the bullets he test-fired and the bullet in the head of Mrs. McAuley, but that the fatal bullet was so mutilated he could not definitely identify it as a bullet from the particular pistol.
Defendant was located by the police three or four days after the homicide. He was placed in jail and soon thereafter was interrogated by the police. When asked about the crime, he at first exculpated himself but stated that he heard some other men talking about committing a robbery where the homicide in this case took place. He identified the men, and the police officers checked them out and returned to defendant for further interrogation. He thereafter said that he was on Mildred Street, saw a lady with a purse on her arm and that he waited for her behind a cement wall and that, as she came along, he with a pistol in his hand told her to give him her purse. He said she started swinging at him; that “he had the pistol” and “that the pistol went off and the woman fell.” He then took her purse, ran from the scene, turned through a yard, mounted and jumped off a brick wall into a parking lot and there removed a wallet from the purse and left the purse. He took money out of the wallet and dropped the wallet. He thereafter meandered to where he was living on Clayton Street and placed the pistol he had used “back in the drawer,” after removing four bullets from it and an empty hull. He afterwards retraced his steps with one of the officers and found one of the cartridges where he said he had thrown them, one by one.
The sufficiency of the evidence to support the verdict of murder in the first degree is challenged on appeal. Appellant argues that the statements of defendant admitted in evidence wherein he confessed that he had robbed Mrs. McAuley show that he did not kill her intentionally, that the pistol in his possession was discharged accidentally. The obvious answer is that a “homicide . committed in the perpetration of, or the attempt to perpetrate, any . . . robbery ... is murder in the first degree. . . . ” Code of Alabama, T. 14, § 314. In addition,
“Such parts of a confession as are favorable to the accused are substantive evidence in his favor, although, of course, the law does not require the jury to give the same credit to all parts of his statement. Eiland v. State, 52 Ala. 322; Parke v. State, 48 Ala. 266; Chambers v. State, 26 Ala. 59; Forrester v. State, 93 Tex.Cr.Rep. 415, 248 S.W. 40, 26 A.L.R. *951 537. See also Wilson v. Calvert, 8 Ala. 757.” McElroy, Law of Evidence in Alabama, § 200.17.
The confession by defendant is to be found in intermittent statements made by him over a period of three or four days. As to each statement, there was ample evidence on in camera interrogation, and testimony before the jury, that it was voluntary and that he had been given a plenary explanation of his constitutional rights to an attorney and to remain silent and that he had freely and understandingly chosen not to do so. Appellant makes a pointed attack against the action of the court in admitting the confession in evidence by charging it was made “after the Defendant stated that he did not want to answer any more questions.” Appellant’s paraphrased version of what occurred needs amplification. At one point in the testimony of one of the officers, which is relied upon by appellant to support his contention, the witness said that during a colloquy between him and defendant, defendant said that “he did not want to talk or be questioned any more about it.” The witness also said that he immediately ceased conversing with defendant, that defendant was returned to his place in jail, but that thereafter defendant sent for the witness and voluntarily resumed the conversation. Furthermore, the witness said that each time he questioned defendant, defendant was fully advised of his constitutional rights. We find that the officers understandingly respected defendants express desire as to when he would not talk with them, as well as when he would talk with them. There was testimony presented by defendant in camera to the effect that the officers mistreated him, but this testimony was in conflict with strong testimony of the officers.
The point is also made by appellant that one of the officers participating in the interrogation of defendant made a promise to defendant that induced defendant to make his incriminatory statements. The particular officer testified that he knew defendant since he was born and that at the time defendant first talked with him and implicated others as the persons responsible for the homicide, and exculpated himself, the witness said, “I will help you if I can. But just be truthful with me. If you want to change it, now is the time to change it.”, that “I told him I would help him in any way I could. If he was telling me the truth I was going to clear him. And he was telling me that he saw so and so do it.” The witness said that he thereafter made a check on defendant’s statements of innocence and found that they could not be supported. He apparently did what he said he would do, that is, attempt to help defendant on the basis of what he had told the witness. After checking on defendant’s statements and finding no support for them, the witness talked with the defendant again without telling him or indicating to him in any way that he would endeavor to help him. It is clear that the offer to help by the officers was made on the premise of defendant’s then previous statement that he was innocent and that others had committed the crime. There was no promise, or implication of a promise, after the statements of defendant had been investigated and found to be untrue. There is no logical basis for the contention that defendant was influenced to make the incriminating statement by reason of any promise that was clearly limited to the perfectly natural statement the officer made under the circumstances, that on the assumption defendant’s statement that he had previously given was true, the officer would do what any good officer should attempt to do, that is, attempt to locate the guilty party or parties and thereby help one who was innocent.
The trial court was not in error in admitting in evidence the incriminating statements of defendant.
Appellant advances the proposition that his conviction should be reversed by reason of the failure of the indictment to aver the date of the alleged crime and the Code Section violated. He does not support such contention by a citation of any authorities. No demurrer was interposed to the indictment. The indictment is in Code *952 form. Code of Alabama, T. 15, § 259, Form 79. An indictment charging murder in the first degree in compliance with the Form is sufficient. Boulden v. State, 278 Ala. 437, 179 So.2d 20; Sanders v. State, 278 Ala. 453, 179 So.2d 35; Boutwell v. State, 279 Ala. 176, 183 So.2d 774.
We have searched the record for error prejudicial to defendant and have found none. The judgment should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.