KIP
v.
BRIGHAM.

In an action brought by a sheriff on a bond taken for his security, on granting the liberties of the gaol to a prisoner on execution, against the sureties, the record of a judgment of recovery against the sheriff, for the *escape* of the prisoner, is conclusive evidence for the plaintiff. And where a *verdict* was recovered against the sheriff for the escape of a prisoner, who had given security for the liberties of the gaol, it was held, that the *postea* was evidence, without the judgment, (in an action brought by the sheriff on the bond,) to prove the recovery and actual damages, at least, if not the escape; and the sheriff is entitled to recover against the sureties, not only the amount of the debt and costs in the original suit, but also the *costs* of defending the suit against himself for the escape.

A person who has given security for the liberties of the gaol, is bound, at his peril, and at the risk of his sureties, to keep within the liberties; and though the limits established by the court of common pleas are in any part vague and indefinite, it is the duty of the prisoner to keep in places clearly defined, and within the limits; for he is bound to know and observe the limits. It is not the duty of the sheriff to ascertain the bounds of the liberties; but he is required to let the prisoner on execution go at large within the liberties, when established by the court of common pleas.

KIP *against* BRIGHAM and others.

THIS was an action of *debt*, brought by the plaintiff, as sheriff of the county of *Oneida*, against the defendants, on a bond given by them to the plaintiff, dated the 22d of *July*, 1808, as security for the *gaol liberties*, granted by the plaintiff to *Abel Brigham*, one of the defendants, who was a prisoner in gaol, on a *ca. sa.*, at the suit of *John Steward*, jun. for 521 dollars. The defendants pleaded *non est factum*, with notice of special matter to be given in evidence at the trial.

The cause was tried at the *Oneida* circuit, the 18th *June*, 1810, before Mr. Justice *Spencer*.

At the trial, the plaintiff, after proving the execution of the bond, offered in evidence the *nisi prius* record and verdict, in the suit of *John Steward*, jun. against the plaintiff, for the escape of *Brigham*, and which was tried the same day. (See *ante*, p. 165.)

The defendants objected to the *nisi prius record and verdict*, as evidence; but they were admitted by the judge as conclusive against the defendants, unless he could show that the verdict had been obtained by fraud and collusion between *Kip* and *Steward*.

The plaintiff proved, that immediately after the suit was commenced against him by *Steward*, he gave notice thereof to the defendants, and that that suit was regularly defended by the plaintiff, aided by the active co-operation of the defendants.

The plaintiff claimed the amount of the original judgment, interest, costs and poundage, in the case of *Steward* against *Brigham*, and also the *costs* of the suit of *Steward* v. *Kip*, and of *Kip* at the suit of *Steward*, amounting to 290 dollars and 5 cents, which were objected to by the defendants, but allowed by the judge.

NEW-YORK,
Nov. 1810.

KIP
v
BRIGHAM.

The plaintiff then proved the *escape* of *Brigham*, in the manner stated in the suit of *Steward* v. *Kip*, and gave in evidence the minutes of the court of common pleas, establishing the gaol-liberties. Two surveyors were also produced, who testified, that they attempted a survey of the liberties of the gaol, according to the courses and distances contained in the minutes of the court of common pleas, but found them so inaccurate, that it was impossible to run the lines without passing over private enclosures, &c.

The jury, under the direction of the judge, found a verdict for the plaintiff for 914 dollars and 86 cents.

A motion was made to set aside the verdict and for a new trial; and the same was submitted to the court without argument, on a case, containing the above facts.

KENT, Ch. J. delivered the opinion of the court. This case is submitted, without argument, upon a motion to set aside the verdict.

The counsel for the defendants have stated the following points:

1. That the record of recovery against the plaintiff for the escape, even if judgment had been rendered and shown, was not evidence.

2. That the verdict was not evidence until consummated by a judgment.

3. That the costs of the suit against the plaintiff ought not to have been allowed as part of the damages.

4. That there were no gaol-liberties, and the plaintiff

voluntarily suffered the prisoner to go without the walls of the prison.

5. That the gaol-liberties (if any) were so vague as to excuse the prisoner.

The first objection was disposed of, in the opinion given at the last term, in the case between the same parties, (6 *Johns. Rep.* 168.) arising under *Bissel's* execution; but the 2d and 3d objections present new questions which merit some attention.

Here was only a verdict shown, and it appears to have been given on the same day that it was offered in evidence. The suits of *Steward against the plaintiff*, and of the *plaintiff against the defendants*, were carried on concurrently in point of time, and brought to trial at the same circuit. It had been considered in the books as a rule, (though rather founded upon loose *dicta*, than solemn decisions,) that a verdict was not evidence without showing a judgment upon it; because, it could not appear but that the verdict had been set aside, or the judgment arrested. The case of *Fisher* v. *Kitchingman*, in the time of Lord Ch. J. *Willes*, (*Willes's Rep.* 367. 7 *Mod.* 451.) appears to be the first regular argument and decision upon the question, and several cases were then cited on both sides, to show that *posteas* were and were not evidence. The court said that there was no general rule that could be laid down, in relation to this point, but that the *postea* was or was not evidence, according to the nature of the thing which it was produced to prove. It was good to prove the fact of a trial and verdict in such a case, but not evidence of itself, without the judgment, when it became essential to the action or defence. In the late case of *Garland* v. *Scoones*, (2 *Esp. Rep.* 648.) Lord *Kenyon* went further than the decision in this case would warrant, for he ruled that the mere production of the *postea* was sufficient to establish a demand by way of set-off, to the extent of the sum endor-

sed as the verdict in the cause. In the present case the verdict was not requisite to prove the fact of the escape, for that fact was proved sufficiently without it ; and if there be legal and full testimony to a point, further and illegal evidence to the same point will not destroy the effect of the competent proof, nor render it necessary to interfere on that ground. But the verdict was good evidence for certain purposes. It was evidence to prove the fact of a suit and verdict against the plaintiff, for the escape in question, and it was so far proof of actual damage. The cause of action was made out by proving the bond and the escape, and the plaintiff was entitled to an assessment of damages to the amount of the debt. It is enough for a party, in order to maintain his action on a bond of indemnity, to show that he was liable and had paid the debt; (*5 Co.* 24.) or that he was sued; (1 *Sid.* 442. *King* v. *Atkins.*) or that he was even exposed to a suit, for so said *Brian,* J. and *Littleton,* J. in 18 *Edw.* IV. 27. and this was the decision in the case of *Cutler* v. *Southern.* (1 *Saund.* 116. 1 *Lev.* 194.) It is stated, that the defendants had due notice of the suit against the plaintiff, and that they actively co-operated in defence of it. The verdict is therefore to be considered, in effect, as a verdict against *them,* and I see no reason why it may not be considered as evidence of the amount of the debt or demand against the plaintiff. For this purpose it was admissible, as much as it would have been to prove a set-off; and, with that view, a verdict has been deemed good evidence by the court of K. B. in *Baskerville* v. *Brown.* (1 *Bl. Rep.* 293.)

The costs of the suit against the plaintiff arose after the cause of action commenced, but they were only a charge accessory to the principal demand, and are analogous to the case of interest accruing after the suit brought. The defendants were most justly chargeable with the costs of the suit against the plaintiff, for they,

in fact, defended the suit. The costs were part of the loss and damage which the plaintiff had sustained, by means of the default of the defendants, in not satisfying the creditor. There are many cases in which damages, accruing after the suit brought, and down to the trial, have been allowed to be included in the verdict; and this becomes indispensable, when no new suit will lie for these damages. (2 *Burr.* 1085, 1086, 1087. 2 *East*, 211. 10 *Co.* 117. a. 2 Ld. *Raym.* 802, 803.) In suits upon bonds for the performance of covenants, the courts of law are said to have the same equitable jurisdiction under the statute of 8 and 9 *Wm.* III. (which we have adopted,) as chancery had before ; (*Cowp.* 358.) and in one case, in a suit upon such a bond, (*Waldo* v. *Fobes,* 1 *Mass. Rep.* 10.) it has been held to be proper to allow the damages accruing down to the trial, to be computed, without putting the party to the necessity of a *sci. fa.*

The two last objections are certainly without foundation. The defendants by their bond, and by every branch of the notice annexed to their plea, admit that there were liberties appointed to the gaol in question. They are estopped from denying that fact ; and if they were not, it was shown upon the trial, and admitted on both sides, and the only question was, as to the precise lines or boundaries of the gaol-liberties. The prisoner was bound, *at his peril,* and at the risk of his bail, to keep within the liberties, and if the lines were in any part vague and indefinite ; it was his duty to confine himself within places where they were not so. Liberties had been appointed by the court of common pleas, and the plaintiff was bound to take the bond, and to leave his prisoner to go at large within the liberties, so far as they had been duly appointed. It was not his duty, but the duty of the prisoner, to ascertain the lines, and to observe them. The defendants, upon the trial, showed

by their own survey, that the prisoner went without the
liberties, and the court knew, that upon the trial of the
principal cause against the plaintiff, (for they have the
case before them,) it was proved, that the prisoner went
wilfully, and after due notice, beyond not only the actual,
but the reputed liberties.

On a motion for a new trial, a reasonable discretion
must be exercised, and if a serious difficulty existed
upon this case, as to the admission of the verdict, and as
to the sufficiency of the proof of the escape, a new trial
would be useless, for judgment is now rendered upon
the verdict in the principal cause, and that judgment
would be plenary proof, and put an end to all contro-
versy about the right of recovery.

Upon a full consideration of this case, the court are
accordingly of opinion, that the motion on the part of
the defendants, for a new trial, be denied.

*Motion denied.*