JOHN WARE *versus* JAMES ADAMS.

A guaranty of payment of a pre-existing promissory note, where the only consideration is a past benefit or favor conferred, and without any design or expectation of remuneration, is without valuable consideration, and cannot be enforced.

THE plaintiff declared against the defendant as guarantor of the payment of a promissory note, and also as indorser of the same note. The defendant was the payee of the note, and at a time subsequent to the making of the note and the delivery thereof to the plaintiff, but bearing a date prior to the existence of the note, made the following writing upon the back thereof. "July 8, 1835. I hereby transfer and assign the within note to John Ware, and guarantee the payment of one third part of the same. James Adams."

*Boutelle* and *Hutchinson* argued for the plaintiff: contending that the defendant was liable as indorser, as well as in the character of guarantor.

*Wells* and *Adams*, for the defendant, contended, that here was no consideration for the promise. A promise of guaranty to be valid must be founded on a sufficient consideration. *Tenney* v. *Prince*, 4 Pick. 385; *Talbot* v. *Gay*, 18 Pick. 534.

It is a completed contract, and is not that of an indorser, but of a guarantor. But if it can be considered as an indorsement, the defendant is not liable, as there has been no demand or notice.

The opinion of the Court was drawn up by

SHEPLEY J. — From the testimony presented in this case it appears, that the plaintiff, defendant, and Abram Sanborn, during the early part of the year 1835, had agreed to share alike the profits, which might be made by them by the purchase and sale of land and of contracts for the same. The defendant, after this, having ascertained that Isaac Child could convey a tract of land in the County of Penobscot, applied to him to obtain a bond, obliging him to convey the same to the

defendant, or his assignees, upon certain terms. This Child was ready to do, provided he could obtain a loan of money upon good security. The plaintiff, having been informed thereof by the defendant, agreed to loan the amount desired, upon a note, that would be satisfactory to him. Such a note was procured, and the plaintiff loaned the money to Child, who thereupon made the bond desired to the defendant, for his own benefit, and for the benefit of the plaintiff and Sanborn. The note was by mistake made payable to the defendant instead of to the plaintiff, who consented to receive it without alteration, because the sureties were not present, and it was inconvenient to alter it. The money appears to have been loaned and the note to have been made on the day of its date, August 8, 1835. Under date of July 8, 1835, the defendant signed the following contract written upon the back of the note. "I hereby transfer and assign the within note to John Ware, and guarantee the payment of one third part of the same." It is admitted, that the date of July 8, was erroneous; and that Ellis G. Loring would testify, "that the said James Adams signed the transfer of said note, including the contract of guaranty declared on, on the day of the date of said note and subsequently to the making in order of time." Mr. Sanborn testified, that it was signed by the defendant in his office on August 25, 1835, and assigned as a reason for his confident belief, that he did so, that the plaintiff and defendant then first informed him of the transactions relative to the loan; that the plaintiff said that the witness and the defendant ought each to guaranty the payment of one third part of the amount of the note; that upon inquiry he stated, that there was no such agreement made when the note was taken; and that if the witness would guaranty the payment of a third part of it, the defendant would. Taking these circumstances with the testimony of Seth Adams, that Mr Loring informed him, that he had no recollection respecting the time or mode of transfer, into consideration, it is most probable that the transaction was correctly stated by Mr. Sanborn.

Some consideration must be found to make the contract of guaranty, signed by the defendant, obligatory upon him. It can be found only in the arrangements for the loan, or in the transfer of the note. There was an equitable ground shown, by the necessity for a loan to obtain a bond for the benefit of those three persons, for requiring the defendant and Sanborn each to guaranty one third part of the amount of the note. But the existence of any agreement or expectation, that they would do so, as an inducement to the plaintiff to make the loan, is disproved by the testimony, which shows also, that the loan was agreed upon, the note made and received, the bond made and delivered, and the whole business completed, before any intimation was made, that such a guaranty was desired. The rights of the defendant, under the bond, had become perfect before he was requested to sign that contract. By yielding to the request he secured no new rights or benefits. And the plaintiff assumed no new risks or liabilities. The only perceptible consideration for the guaranty of the defendant was the favor or benefit conferred by the plaintiff by making the loan upon security entirely satisfactory to enable him to obtain the bond. A past favor or benefit, conferred upon sufficient inducement and without any design or expectation of remuneration, does not impose upon the person receiving it any legal or moral obligation to assume any pecuniary risk or to make any pecuniary compensation. And it cannot therefore constitute a valuable consideration for a contract for the payment of money. As the contract of guaranty in this case appears to have been made some days, after the note had been received as satisfactory, and without any valuable consideration, it is not necessary to consider the other points made in the defence.

*Plaintiff nonsuit.*