Wright *v.* Whiting.

---

WRIGHT, receiver, &c. *vs.* WHITING.

As a general rule, a party, in order to recover upon a bond or agreement to indemnify and save harmless, must prove actual damage. The money must be paid, and it must be made to appear that some injury has accrued, to the plaintiff.

A distinction is recognized, however, between an affirmative covenant for a specific thing, and one of mere indemnity against damage by reason of the non-performance of the thing specified.

Where, upon the dissolution of two copartnerships, the defendant executed an agreement to indemnify and keep L. (one of the partners) " harmless from and against all debts due and owing from the late firms," and " to pay all debts due from either of said firms ;" *Held* that under the first clause of the agreement, the covenantor was not liable until something had been paid by L.; but that the last clause contained an absolute and positive covenant to pay the debts, upon which, on the covenantor's failure to pay, the covenantee might recover the full amount of his liability, although he had not been actually damnified.

*Held, also,* that in the absence of any specification of the time within which the debts were to be paid, in the agreement, the law required payment to be made immediately; or at least as soon as the debts were due.

*Held, further,* that a judgment recovered against L. for one of the partnership debts covered by the indemnity was conclusive upon the covenantor, as to the amount of the damages and costs therein; he having had notice of that suit, and having assumed to defend it.

But that the covenantor was not liable, in an action by L. upon his covenant, for the costs of supplementary proceedings in the former action. PECKHAM, J. dissented.

APPEAL by the defendant from a judgment rendered in favor of the plaintiff, under the direction of the court, at the Columbia circuit, in January, 1861. On the 31st day of

December, 1856, C. Whiting, jun. and George M. Lathrop, who were copartners in business under the two firms of G. M. Lathrop & Co. and Lathrop & Whiting, dissolved their partnerships. Whereupon the defendant Charles Whiting, and Charles Whiting, jun. executed and delivered to the said George M. Lathrop an instrument in writing in the words following, to wit:

" For value received of George M. Lathrop, we, Charles Whiting and Charles Whiting, jun., do hereby promise to and agree with the said George M. Lathrop, that we will *indemnify and keep him harmless* from and against all debts due and owing from the late firms of G. M. Lathrop & Co., composed of said Lathrop and Charles Whiting, and Lathrop & Whiting, composed of said Lathrop and Charles Whiting, jun., and also from all demands existing against either of said firms, whether now due or hereafter to become due, and we severally release the said George M. Lathrop from all demands we or either of us have against him, except the amount due to said Charles Whiting upon a mortgage of fifteen hundred dollars, which is not intended to be discharged. The said *Charles Whiting and Charles Whiting jun. hereby agreeing to pay all debts due from either of the said firms.*"

At the time of the dissolution, the firm of Lathrop & Whiting was indebted to Barent J. Van Hoesen, in the sum of $691.16. After the execution of the said agreement, and on the 7th day of April, 1859, Van Hoesen recovered judgment against the firm for the debt which the firm owed him and which the defendant had covenanted to pay, amounting to $691.16 damages, and $121.96 costs, which has not been paid. The defendant, soon after the commencement of the action by Van Hoesen, and as early as the 11th of June, 1857, had notice thereof and was required to defend and did defend the same. The plaintiff having been duly appointed receiver of the effects of Lathrop, brought this action against the defendant to recover the damages and costs in the action brought by Van Hoesen, together with interest thereon, and

Wright *v.* Whiting.

the costs of the supplementary proceedings in the former suit. When the plaintiff rested, the counsel for the defendant moved that the plaintiff be nonsuited on the ground that he, as receiver of the property of George M. Lathrop had no right of action against the defendant; but the court denied the motion, and the counsel for the defendant excepted. The counsel for the defendant then insisted that the defendant was entitled to judgment, and called upon the court so to rule and decide; but the court refused so to decide, and the counsel for the defendant excepted. The court then decided that the plaintiff was entitled to recover of the defendant in this action the amount of the judgment in favor of Van Hoesen for damages and costs and interest thereon, and also the sum of $42 for costs of the proceedings supplemental to execution. To this decision the counsel for the defendant excepted. And the court thereupon ordered judgment in favor of the plaintiff, against the defendant, for the sum of $1013.79, besides the costs of this action.

*J. H. Reynolds*, for the appellant.

*Ira Shafer*, for the respondent.

MILLER, J. The principal question in this case is whether the agreement executed by the defendant was a mere indemnity, requiring proof of actual damage before a recovery can be had, or whether it was a covenant to pay, which was broken when the defendant failed to pay the debt upon which the Van Hoesen judgment was obtained.

It is undoubtedly true, as a general proposition, that in order to recover upon a bond or agreement to indemnity and save harmless, actual damage must be proved; the money must be paid, and it must be made to appear that some injury has accrued to the party. (*Churchill* v. *Hunt*, 3 *Denio*, 327. *Aberdeen* v. *Blackmar*, 6 *Hill*, 324.) A distinction, however, is recognized between an affirmative covenant

for a specific thing, and one of mere indemnity against damage by reason of the non-performance of the thing specified. (*Gilbert* v. *Wiman,* 1 *Comst.* 550.) In the case at bar, in addition to the agreement "to indemnify and keep him (Lathrop) "harmless from and against all debts due and owing from the late firms," there was also a covenant "to pay all debts due from either of said firms." Under the first clause of the contract, the defendant was clearly not liable until something had been paid by Lathrop. Under the latter clause, while his liability to pay the debts was direct and positive, the agreement is somewhat indefinite. The clear inference to be drawn from the agreement appears to be that the parties intended that the defendant should pay the debts of Lathrop, and I incline to think that the last clause contains an absolute and positive covenant of the defendant to pay, upon which the covenantee might recover the full amount of his liability, although he had not been actually damnified. Cases involving the same principle have been presented to the courts. I will briefly refer to some of the leading authorities. In *Port* v. *Jackson,* (17 *John.* 239, 479,) the defendant, the assignee of a lease, covenanted that he would pay rent, for which the plaintiff continued to be liable. It was held that the contract was a covenant on the part of the defendant to pay a present debt for which the plaintiff would become liable to the lessor, and it would be against all reason and justice to permit the defendant to say that the plaintiff shall himself first pay and advance the money, before his right of action accrued. Van Ness, J. who delivered the opinion of the court, applied the principle that the fact appearing that it was for the payment of money, the debt accrued from the day mentioned in the condition, and does not await the damnification. In this case, like the one at bar, there was no covenant to pay the plaintiff, and in principle they are analogous.

*In the matter of Negus,* (7 *Wend.* 499,) where a bond was intended as a bond of indemnity, but contained a covenant

that the obligor would pay certain debts for which the obligee was liable, and the obligor failed to perform, it was held that an action lay for the breach, and the obligee was entitled to recover the sums agreed to be paid, although it was not shown that he had been damnified, unless from the whole instrument it manifestly appeared that the sole object was a covenant of indemnity. There was no promise to pay directly to the obligee, but a condition that the money should be applied to the payment of the debts. In some of its features the case is strikingly similar to the one before us.

In *Thomas* v. *Allen,* (1 *Hill,* 145,) the bond upon which the suit was brought was conditioned to pay the plaintiff a sum of money by satisfying a bond and mortgage, and to save harmless the plaintiff therefrom, &c. It was held that it was not a bond of indemnity, and that *non-damnificatus* cannot be pleaded where the condition is to *discharge* or *acquit* the plaintiff from *such bond or other particular thing,* for then the defendant must set forth affirmatively the special matter of performance. Was not the agreement in the case now considered to acquit and discharge Lathrop from the debts? If it was, then the rule laid down is manifestly applicable.

In *Gilbert* v. *Wiman and others,* (1 *Comst.* 550,) which was an action upon a bond given by a deputy sheriff to the sheriff, it was held that in contracts of indemnity, where the obligation is to perform some specific thing or to save the obligee from a charge or liability, the contract is broken when there is a failure to do the specific act, or where such charge or liability is incurred. Pratt, J. in his opinion in that case, when decided in the supreme court, lays down the rule, that " when the instrument deviates the least from a simple contract to indemnify against damage, even where the indemnity is the sole object of the contract, and where, in consequence of the primary liability of other persons actual loss may be sustained, the decisions of our courts, although by no means uniform, have gradually inclined towards fixing the rule to be

one of actual compensation for probable loss ; so that in contracts of that character, it may now be considered a general rule both in this country and in England." Was there not a failure on the part of the defendant to pay the debt of Lathrop & Whiting to Van Hoesen, which was the specific act provided for ? If there was, the principle here decided is in point. (*See also on the same point, Mann* v. *Eckford's Ex'rs,* 15 *Wend.* 503; *Cutler* v. *Southern,* 1 *Saund.* 116, *note* 1; *Holmes* v. *Rhodes,* 1 *Bos. & Pull.* 638; *Hodge* v. *Bell,* 7 *T. R.* 93.) Within the principle laid down, in the cases above cited, I am of the opinion that Lathrop could have maintained an action against the defendant upon the covenant to pay the debts, upon the failure of the defendant to do so, without proof of any actual loss or damage; and the receiver stands precisely in his place.

By the agreement in the present case, the defendant was bound to pay all the debts of either of the firms; but no particular time of payment was specified. No certain time being provided for, the law required payment to be made immediately, or at least as soon as the debts were due. (*Churchill* v. *Hunt,* 3 *Denio,* 324, *and authorities cited. See, also, Thompson* v. *Ketcham,* 8 *John.* 189; *Lake Ontario Co.* v. *Mason,* 16 *N. Y. Rep.* 451, 464.) As the debt was not paid when the suit was commenced, the condition of the agreement was broken, and the action properly brought and maintainable. I think that the judgment against Lathrop is conclusive as to the amount of the demand and the costs. Whiting was notified of the suit, and assumed to defend it. It was his own fault, and his failure to fulfill his agreement in connection with his defense of the suit, which made the costs. He put himself in Lathrop's place after he had been notified, and must abide the consequences of his own act. The costs were a charge accessory to the principal demand, arising mainly from the acts of the defendant, and are justly chargeable upon him. (*Kip* v. *Brigham,* 7 *John.* 171.

*Trustees of Newburgh* v. *Galatian,* 4 *Cowen,* 340.   *Bank of Utica* v. *Childs,* 6 *id.* 238, 246, 247.)

The costs of the supplementary proceedings rest upon a different footing.  The defendant had no notice of the proceedings, nor any connection with them, and could not be made liable in this action to pay the costs.  The remedy (if any) may exist in an action by Lathrop upon the covenant to indemnify and save harmless after payment by Lathrop. The defendant instituted the proceedings, and I know of no principle upon which the costs can be allowed in this action.

It is said that the agreement enured to the benefit of Van Hoesen, and the remedy was a suit by him against the defendant, and that no recovery can therefore be had in this case.  It does not so read.  And may it not be urged with equal propriety, that it was for the benefit of Lathrop, as his debts were to be paid?  The agreement was to pay the debts, without designating the amount or the individuals who were creditors of the firm, and without any direct promise to pay either Lathrop or the creditors.  If the language employed in the last clause is to be taken literally, it may perhaps be said that the defendant did not agree either to pay Lathrop or the creditors, as neither are named in connection with it. Although there may be a remedy against Whiting, in favor of Van Hoesen, upon the covenant to pay the debts of the firm, yet it by no means follows that Lathrop had no right to prosecute.  In fact under the authorities before referred to, the defendant was liable to Lathrop, and because Van Hoesen had also a remedy, it cannot deprive Lathrop of his rights. It is perhaps questionable whether the rule authorizing an action upon a promise made for the benefit of a third party, without any consideration moving from the latter, applies to a case of this kind.  With the views already expressed, I deem it unnecessary and unimportant to pursue that inquiry.

The objection made by the defendant, upon the trial, to the admission of evidence to show the service of the notice of the commencement of the suit against Lathrop by Van Hoesen,

and that it was defended by the defendant, is not well taken. There is no pretense that the defendant was misled or surprised by the evidence offered upon the trial, and the complaint may be considered as amended, so as to conform to the proof. (*Code*, § 173.) Upon appeal the court may treat the pleadings as having been amended, in conformity with the evidence, in any respect in which the court ought clearly to allow an amendment at special term. (*Bowdoin* v. *Coleman*, 3 *Abbott*, 437. *Harrower* v. *Heath*, 19 *Barb*. 331. *Bate* v. *Graham*, 1 *Kern*. 237. *Pratt* v. *Hudson River R. R. Co*., 21 *N. Y. Rep*. 305.)

For the reasons given, the judgment should be affirmed, and a new trial denied, upon the plaintiff consenting to deduct the costs of the supplementary proceedings; otherwise the judgment should be reversed, and a new trial should be granted, with costs to abide the event.

GOULD, J. concurred.

PECKHAM, J. concurred, but thought the costs of the supplementary proceedings were recoverable.

[ALBANY GENERAL TERM, March 2, 1863. *Gould, Peckham* and *Miller*, Justices.]