Farnsworth v. Clark.

[BROOME GENERAL TERM, November 21, 1865. *Parker, Mason* and *Balcom,* Justices.]

---

WILLIAM L. FARNSWORTH *vs.* RODMAN CLARK, impleaded with Gardner Clark.

R. C. and G. C. executed the following agreement, dated May 8, 1861: " In consideration for value rec'd, we promise to pay to W. F. four hundred and fifty dollars, provided a certain note with his name on, given to J. W. March 28, 1861, is not paid when due, and interest thereon." The note referred to was a note executed by W. F. for the benefit and accommodation of G. C. and G. H. P. It became due before the commencement of this suit upon the agreement, and remains unpaid. There was no consideration for the execution of the agreement by R. C. except as above stated. *Held* that a breach of the agreement occurred by the non-payment of the note to J. W. when by its terms that note became due; and that on account of such breach, W. F. was entitled to recover the amount agreed to be paid, without first showing a payment by himself of the note to J. W.

Farnsworth *v.* Clark.

*Held, also,* that the consideration for the agreement being past, and wholly
executed, before the agreement was made, and R. C. being a stranger to
the previous transaction, *he* was not liable upon the agreement.

If the original debt or obligation rests upon a good consideration, this will
support the promise of guaranty, if such promise be simultaneous with,
or prior to, the original debt. But if that debt or obligation be first
incurred and completed, there must be a new consideration for the promise
to guaranty that debt.

THIS action was brought upon a written agreement, exe-
cuted by the defendants to the plaintiff. It was referred
to Hon. MOSES TAGGART, and tried before him, and he re-
ported in favor of the plaintiff. From the judgment entered
upon his report, the present appeal was brought by the de-
fendant Rodman Clark.

Upon the trial the proof showed, and the referee found,
that on the 28th day of March, 1861, the defendant Gardner
Clark, and one George H. Potter, loaned of Jonathan Win-
slow, the sum of $450, for which they gave their promissory
note, which note was executed by the plaintiff, at their
instance and request, and for their sole benefit and accom-
modation. The note was delivered to Winslow by Gardner
Clark and George H. Potter, at the time when they received
the money loaned.

On the 8th day of May, 1861, the defendant Gardner Clark,
for the purpose, and with the intent of securing the plaintiff
for having subscribed such note as security, together with the
defendant Rodman Clark, as his surety, executed and deliv-
ered to the plaintiff, the written agreement upon which this
action was brought. That agreement is as follows : " In con-
sideration, for value received, we promise to pay to William
Farnsworth, $450, provided a certain note with his name on,
given to Jonathan Winslow, of Henrietta, the 28th of March,
1861, is not paid when due, and interest thereon.

Alabama, May 8th, 1861.          GARDNER CLARK.
                                 RODMAN CLARK."

The note referred to in this agreement, is the same note
executed by the plaintiff for the benefit and accommodation

of Gardner Clark and George H. Potter. It became due before the commencement of this suit, and then remained wholly unpaid.

There was no consideration for the execution of the agreement by the defendant Rodman Clark except that arising out of the matters before stated. The referee decided that the defendant Rodman Clark was liable. To that decision the defendant duly excepted.

*S. C. Filkins,* for the appellant.

*Seth Wakeman,* for the respondent.

*By the Court,* DANIELS, J. When this case was previously before this court, it was held that by the fair construction of the agreement upon which the action was brought, a breach of it occurred by the non-payment of the note to Jonathan Winslow when by its terms that note became due, and that on account of such breach the plaintiff was lawfully entitled to recover the amount agreed to be paid, without first showing a payment by himself of the note to Winslow. That construction has not upon the present argument been in any manner questioned or controverted. And its correctness is very satisfactorily sustained by several well considered authorities. (*Port* v. *Jackson,* 17 *John.* 239, 479. *Wright* v. *Whitney,* 40 *Barb.* 235. *Gilbert* v. *Wiman,* 1 *Comst.* 550, *and cases there cited.*)

It will therefore be assumed, without further examination, that the defendant Rodman Clark, became liable to pay the amount mentioned in the agreement under consideration if the circumstances disclose a sufficient consideration to render it legally obligatory upon him.

The rule is very well established by the authorities relied upon by the plaintiff's counsel, that a past consideration, executed or performed at the request of the party afterwards promising, will be sufficient to sustain an express promise by

him. But this rule is confined to those cases where the promise was made by the party at whose request the consideration moved; where the party promising had been benefited by the consideration which was made the foundation of the subsequent express promise. (*Livingston* v. *Rogers,* 1 *Caines,* 585. *Comstock* v. *Smith,* 7 *John.* 87. *Hicks* v. *Burhams,* 10 *id.* 243. *Chaffee* v. *Thomas,* 7 *Cowen,* 358. *Parker* v. *Crane,* 6 *Wend.* 647.) And many other cases of the same nature may be readily found in the books.

But they are not authority for sustaining the liability of a stranger to the consideration where that was past, and wholly executed, before the promise was made, as it was in this case, when Rodman Clark became a party to ·the agreement in controversy. They do not in any manner discuss, or declare, the liability of a party, in a case like this. If Gardner Clark, at the time when the plaintiff became surety for him to Winslow, had agreed with him that he should be secured against that obligation, by an instrument of the nature of the one in suit, that agreement would have supplied a sufficient consideration to sustain the liability of Rodman Clark upon his contract. The benefit secured to the principal by the performance of his agreement would have been sufficient to sustain the contract of his surety. The same consequence would legally have followed, if the time for the payment of the note had been extended on account of the obligation of Rodman Clark, or any other legal advantage had been secured by it to Gardner Clark, or legal harm had resulted from it to the plaintiff.

But the facts found by the referee show that no change was made in the situation or relations of the original parties to the transaction by reason of, or as an inducement for, the agreement of Rodman Clark; and that it was not executed or delivered in fulfillment or performance, of any contract express or implied by which the plaintiff was entitled to any security whatever from either Gardner Clark or George H. Potter. As against them the law implied that they would

protect and save the plaintiff harmless from such damages as he might be subjected to by means of the note to Winslow upon which he had become surety at their request and for their sole accommodation, which would form a sufficient consideration for any express agreement on their part, substantially binding them to do so. But the law implied no other or farther liability against them in favor of Winslow. And therefore while that implied liability would sufficiently sustain their express agreement, some further consideration was required to support the agreement of Rodman Clark, who was a stranger to the transaction which had previously taken place, and out of which that implied liability had arisen. The contract which he executed was a new and different engagement from that which had been entered into between the other parties, and was not brought into existence through the performance of any pre-existing stipulation they had made between themselves. On the other hand, while it was collateral and incidental, it was still a separate and wholly additional agreement, on the part of the surety, Rodman Clark, and as such, required a further and different consideration, from that which the original transaction supplied. This conclusion will be found to be well sustained by authority.

The rule applicable to a case of this description is thus stated by *Chitty*, in his work upon Contracts, at p. 52 : "A promise even in writing to pay a debt already incurred by a third person, is not available, if there be no new consideration, as forbearance to sue the latter, &c. But if credit were originally given to the third person at the promisee's request, this might constitute a sufficient consideration for his subsequent guaranty." And it is declared by *Parsons* in substantially the same way. He says : "If the original debt, or obligation, rest upon a good consideration, this will support the promise of guaranty, if the promise be simultaneous with, or prior to, the original debt. But if that debt or obligation be first incurred and completed, there must be a

new consideration for the promise to guaranty that debt." (*Parsons on Mercantile Law,* 66. 1 *Parsons on Contracts,* 391-2, 496-7.)

This principle was sanctioned and applied to the same extent by the supreme court of Maine, which held that a guaranty of payment of a pre-existing promissory note, for which the only consideration was a past benefit or favor conferred, and without any design, or expectation of remuneration, was without sufficient consideration, and could not be enforced. (*Ware* v. *Adams,* 24 *Maine Rep.* 177.) And the same doctrine was maintained in the cases of *Eldar* v. *Warfield,* (7 *Harris & J.* 391;) *Elliott* v. *Geise,* (*Id.* 457;) *Rix* v. *Adams,* (9 *Vermont Rep.* 233;) *Bell* v. *Welch,* (1 *Com. Bench,* 67 *Eng. Com. Law,* 154;) *Rabaud* v. *D' Wolf,* (1 *Paine's Circuit Court Rep.* 591.) And was announced as the opinion of Strong, J. in *Brown* v. *Curtiss,* (2 *Comst.* 233.) And of Shankland, J. in *Hall* v. *Farmer,* (*Id.* 557.)

The judgment appealed from should be reversed, and a new trial granted.

[ERIE GENERAL TERM, November 21, 1865. *Grover, Marvin* and *Daniels,* Justices.]