ANDREWS *against* IVES:

IN ERROR.

Where the plaintiff declared, that the defendant, in and by a certain note under his hand, by him well executed, dated, &c. promised the plaintiff, to pay to him, in one year from the date of said note, the sum of 22 dollars, for the support of his, the plaintiff's mother, until a certain time, on condition that the plaintiff should free the defendant from all expense, averring that the defendant had not performed his promise, though the plaintiff had supported his, the plaintiff's mother, until the time specified, and freed the defendant from all expense; it was held, that the declaration was sufficient, it being essentially a declaration on a special agreement, performed on the part of the plaintiff, and the maintenance of the plaintiff's mother, at the defendant's request, being a sufficient consideration.

THIS was an action of *assumpsit,* brought by *Ives* against *Andrews.* The declaration was as follows: " That the defendant, in and by a certain writing or note, under his hand, by him well executed, dated the 24th day of *January,* 1818, promised the plaintiff to pay to him, one year from the date of said note, the sum of 22 dollars, for the support of his mother until the 14th day of *December* next, on condition the said *Ives* frees the defendant from all expense; as by said writing or note, ready in court to be shewn, appears. Now, the plaintiff further says, that the defendant, his promise not regarding, hath never performed the same, though the plaintiff supported his the plaintiff's mother, until the 14th day of *December,* 1818, and freed the defendant from all expense in her support for said term." The plaintiff having obtained a judgment in his favour, the defendant brought a writ of error, in the superior

court, for the insufficiency of the declaration ; and the ques- *New-Haven,*
tions arising thereon, were reserved for the advice of all the            July,
Judges.                                                                        1820.

Andrews
*v.*
Ives.

*L. E. Wales,* for the plaintiff in error, contended, That
the declaration was insufficient, for the following reasons :

1. There is no consideration alleged, or contained in the
writing described. It does not appear, that the defendant
was under any obligation, legal or moral, to support the plain-
tiff's mother ; or that it was any benefit to the defendant, to
be freed from all expense relating to her support. *Jackson*
d. *Allen,* v. *Florence,* 16 *Johns. Rep.* 47. Further, the plain-
tiff was not bound to provide the support: he might aban-
don it, at any time. The engagement was all on one side.
It was, therefore, *nudum pactum. Cooke* v. *Oxley,* 3 *Term
Rep.* 653.

2. If any consideration appears, it is of such a nature, as
ought to be specially averred. This is a special agreement,
conditional and executory. It will not support an action as
a promissory note. *Carlos* v. *Fancourt,* 5 *Term Rep.* 482.
*Hill* v. *Halford,* 2 *Bos. & Pull.* 413. *Lansing* v. *Mc Killip,*
3 *Caines,* 286.

3. Performance of the conditions, on which the defend-
ant's promise was to be performed, is not averred in such
a manner, as that the defendant could traverse it. The plain-
tiff ought to have averred performance of the conditions, *spe-
cially,* stating *time* and *place.* Notice and request ought, al-
so, to have been specially averred.

*N. Smith,* for the defendant in error, contended, 1. That
a sufficient consideration, properly stated, appeared upon
the declaration. [The Court stopped the counsel on this
point.]

2. That the plaintiff had distinctly averred performance of
the conditions, according to the contract ; which was suffi-
cient. The whole contract, including the consideration, the
promise and the conditions, is stated ; and then follows an
averment of performance, co-extensive with the terms of
the conditions. What need is there of a more particular
averment ?

*New-Haven,*
*January,*
*1818.*

Andrews
*v.*
Ives.

HOSMER, Ch. J.    The plaintiff's action is essentially on a special agreement, performed on his part; and so it appears from the declaration.    The objection that it was *nudum pactum*, has not been supported.    The maintenance of the defendant's mother was *on his request;* and whether he was, or was not, obliged to support her, the loss sustained by the plaintiff, was a sufficient consideration.    *Mallory* v. *Lane, Cro. Jac.* 342.    *Foster* v. *Scarlet, Cro. Eliz.* 70.    *Preston* v. *Tooley, Cro. Eliz.* 74.    *Rippon* v. *Norton, Cro. Eliz.* 881.    *Webb's* case, 4 *Leon.* 110.

The other Judges were of the same opinion.

Judgment to be affirmed.