Edmonds, J.
 

 The only question to be determined is, whether there was such a want of mutuality between the parties, that there was, in fact, no cause of action.
 

 The proposition is stated by Chitty as broadly as the defendant’s counsel claims it, that if the one party never was bound on his part to do the act which forms the consideration for the promise of the other, the agreement is void for want of mutuality (Chitty Cont. 15); but the proposition is too broadly stated. It is confined to those cases where the want of mutuality would leave one party
 
 *350
 
 without a valid or available consideration for his promise. (A
 
 rnold
 
 v.
 
 Mayor
 
 of
 
 Poole,
 
 4 Man. & Gr. 860.) For there are many valid contracts, not mutually * 3511 *^n<^nS a* tim time when made; as where A -* says to B., if you will furnish goods to C., I will pay for them, B. is not bound to furnish them, but if he do, he may recover on the promise. (2 Saund. 137 h;
 
 Matoon
 
 v.
 
 Burr,
 
 7 Ad. & E. 19;
 
 Kenndevay
 
 v.
 
 Treleavan,
 
 5 M. & W. 498.) And the question in this case is not, whether the plaintiff was bound to pay the $1000, but whether, if he did pay it, the defendant was without any valid or available consideration for his promise.
 

 The agreement is, that if the plaintiff will pay $1000 on notes on which he is
 
 holden
 
 as indorser,
 
 &c.
 
 Now, I am not very clear, whether this means on notes on which he was absolutely fixed and liable as indorser by means of due protest, or those on which he was merely liable to he, in case of non-payment by the maker. The pleadings do not help us out of the difficulty at all, but the evidence shows, that three of the five notes were not due at the time the agreement was made,.and the agreement recites that he was indorser on several notes some of which had become due, &e. Those notes which had become due at-that time, and on which alone the plaintiff could then have become “holden” by due protest, did not amount to one-half of the $1000 that he was to pay, while all of the five notes which he had indorsed amounted to more than the $1000. I should infer, that the parties meant, by this equivocal expression, to refer to the fact of his indorsement only, and not to the fact of his being fixed as indorser. This is a material consideration, because, if the plaintiff was to pay the $1000 merely upon notes upon which he was finally fixed and “holden” by due protest, he would do nothing more, by paying that sum, than merely discharge an obligation which he was bound to perform, and that would form no consideration for the defendant’s promise. But if, on the
 
 *351
 
 other hand, he voluntarily paid the money, without reference to his being fixed as indorser, and in fact waived the various acts of demand and protest which were necessary to fix him as indorser, he thus assumed a liability and performed an act detrimental to himself, which would furnish a good consideration for the promise. And, inferring as I do, *from the facts ^ proved on the trial, and from the language of *- the agreement, that the parties meant all the notes, as well those not due, as those due and protested, I have no difficulty in finding a sufficient consideration to support the promise, in the fact of the plaintiff’s having paid the $1000, and thus enlarged his liability beyond what it was when the agreement was made.
 

 This disposes of the only point not cured by the finding, and I am of opinion, the judgment ought to be affirmed.
 

 Judgment affirmed.
 
 [1]
 

 [1]
 

 A promise, void, when made, for want of mutuality of obligation, becomes binding, on a performance by the promissee of that, in consideration of which such promise was made. Willitts v. Sun Mutual Insurance Co., 45 N. Y. 45. And see, to the same effect, Barnes
 
 v.
 
 Perine, 12 N. Y. 18 ; s. c. 9 Barb. 202 ; White v. Baxter, 71 N. Y. 254 ; Sanders v. Gillespie, 64 Barb. 628 ; Hammond v. Shepard, 29 How. Pr. 188.