It is objected by the defendant, that his oral agreement was without consideration. It seems to me otherwise. The plaintiff, in consideration of that agreement, assumed a different relation and a more onerous duty. As indorser of the note, he was liable to pay it, only on the contingency that the maker did not, and that the holder of the note took measures duly to charge him and to fix his liability. His obligation was collateral. By his agreement with the defendant, his obligation became primary and direct. He became the principal debtor as between them. He indeed gave up the liability of the maker to himself. It was a further burthen which he took upon himself, and thus furnished *Page 252 
a consideration for the agreement of the defendant. (L'Amoureaux v. Gould, 7 N.Y., 349.)
It is further objected, that as the agreement of the defendant was not in writing, it was void by the statute of frauds (2 R.S., 135, § 2, sub. 2), in that it was a special promise to answer for the debt, default or miscarriage of another. I do not think that this objection is tenable. The agreement of the defendant was not collateral. It was an original and independent agreement of himself with the plaintiff. It was between the two and confined to them. The plaintiff did not own the debt against the maker of the note, nor was the promise of the defendant to pay that debt to the plaintiff. It did not provide for or depend upon the default or miscarriage of the maker of the note. The liability of the defendant did not depend upon the failure to perform of the maker. (Brown v. Weber, 38 N.Y., 187.) The plaintiff had no cause of action as yet against the maker, and might never have. The debt of the maker of the note was an original debt, and had the defendant, by an oral agreement, specially promised to pay that debt, his agreement would have been collateral. Had the defendant said to the plaintiff, if you will take and advance on this note, I will see that the maker pays it, this would have been a promise to answer for the debt, default or miscarriage of the maker. But when he said, you are not now primarily liable to pay that debt, it is not yours to pay; but if you will agree with me to become primarily liable, if you will make it yours to pay and pay it, I will repay you, and it is paid by the plaintiff; here comes in a new and original consideration of benefit or harm moving between newly contracting parties. It then falls within the third class of cases, of the decision in Leonard v.Fredenburgh (8 J.R., 29); or the first class in Mallory v.Gillett (21 N.Y., 412), for it was an agreement to indemnify one who was a guarantor for a third person to some one else.
The judgment should be affirmed with costs.
All concur, except ALLEN, J., not voting.
Judgment affirmed. *Page 253