JACOB F. WYCKOFF, Appellant, *v.* HENRY P. DeGRAAF, Respondent.

Defendant indorsed certain notes for the accommodation of the maker; these were discounted by plaintiff, who transferred them, for a valuable consideration. Before their maturity, plaintiff, at the request of defendant and upon his promise to waive protest and to give his own notes for the amount, agreed to advance the money and .take up said notes; this he did as they matured. Upon defendant's refusal to give his own notes, plaintiff brought this action to recover the amount so paid. *Held,* that the agreement of defendant was for a good consideration; and that the action was maintainable.

Where upon trial exceptions are, without objection, ordered to be heard at first instance at General Term, the party succeeding at General Term may not object to a review of its decision here, on the ground that the case was not one proper to be so heard.

(Argued December 19, 1884; decided January 20, 1885.)

11 Daly 322 reversed

THE nature of the appeal and of the cause of action, and the material facts are set forth in the opinion.

*W. I. Butler* for appellant. Any defense to the notes, with the exception of a consideration, made actually illegal by statute, such as gambling debts, etc., was utterly ended and extinguished by the fact of a voluntary payment. (*Barker* v. *Cassidy*, 16 Barb. 177; *Barker* v. *Martin*, 3 id. 634.)

*James R. Marvin* for respondent. In a suit brought by a subsequent indorser to recover the amount he has been com-

pelled to pay, in a suit brought upon the note, the real cause of action is for money paid for the use of the prior indorser. (*Barker* v. *Cassidy*, 16 Barb. 177.) If the subsequent indorser has not paid the note in full, he may maintain assumpsit for money paid for use of the prior indorser, and without suing upon the note, but where he has paid the note in full, he must bring his action upon the note. (*Wright* v. *Butler*, 6 Wend. 284; *Barker* v. *Cassidy*, 16 Barb. 179.) The defendant was not precluded by the form of the complaint from setting up and availing himself of any defense he had under the contract. (*Farrere* v. *Sherwood*, 17 N. Y. 230.) The defendant had a right to an accounting as asked for. (25 N. Y. 552; 56 Barb. 13; 80 N. Y. 560; 65 id. 475; 9 Weekly Dig. 14.) The original security taken by Wyckoff to secure the notes of October, 1879, which were renewed by the notes set out in the complaint, was a continuing security for the latter notes. (6 Paige, 383; 76 N. Y. 521.) The latter notes were continuations of the first ones. (7 Fed. Rep. 294; 11 Metc. 576.) Usurious interest, previously taken by the plaintiff, was liable to be applied to extinguish any present indebtedness of Scofield to him. (7 Fed. Rep. 294; 75 N. Y. 516; 5 Fed. Rep. 576; 18 Wall. 375; 64 N. Y. 242; 3 Wend. 573.) DeGraaf was an accommodation indorser for Scofield. (25 N. Y. 552, 556; 56 Barb. 13; 80 N. Y. 560; 65 id. 475; 9 Weekly Dig. 14.) Any request made by DeGraaf, while ignorant of facts, the existence of which rendered the notes void in Wyckoff's hands, or in the hands of the then holders, would not bind him, and if he had paid the money to Wyckoff to take up the notes he could have maintained an action to recover back the money, as paid under a mistake of fact. (*Ins. Co.* v. *Thwing*, 13 Wall. 672; 16 N. Y. 336; 10 Barb. 436; 3 Keyes, 276.) If the notes were void for usury taken by Wyckoff, the notes or the money secured by them could not form the basis of any new contract between Wyckoff and DeGraaf that would have any binding effect. (33 N. Y. 665; Addison on Contracts, 251; Edwards on Bills, 351; 8 Cow. 647; 24 Wend. 230; 20 Johns. 286; 9 Cow. 647; 6 Wend. 415; 4

Cow. 459; 4 Wash. C. C. 297; 11 Wheat. 258; 4 Denio, 63; 4 Hill, 424; 17 Barb. 397; 21 id. 361; 15 N. Y. 334; 23 Barb. 9; 4 Denio, 349.) That plaintiff being the usurer could not allege that the renewal note was usurious and, therefore, constituted no bar to the action. (*Hansee* v. *Phinney*, 20 Hun, 153; 15 id. 564; Hill's notes to Phil. Ev. 1446; 5 Seld. 241; 29 Barb. 401; 33 N. Y. 31.)

Danforth, J. This is an appeal from an order of the General Term of the Court of Common Pleas of the city of New York, made December 4, 1882, setting aside a verdict for the plaintiff and granting a new trial upon exceptions taken by the defendant, ordered to be heard in the first instance, at the General Term.

The case made by the plaintiff conformed to the allegations of the complaint, and tended to show that one Scofield, at different times between the 22d of January and the 6th of February, 1880, made certain negotiable promissory notes, payable four months after their respective dates, in the aggregate amounting to $20,000; that he procured the defendant to indorse them, and so indorsed they were, at Scofield's request, discounted by the plaintiff, who, before maturity, transferred them for a valuable consideration to certain banking institutions in the city of New York. On the 24th of May, and before the maturity of any of the paper, the defendant stated to the plaintiff that for causes mentioned by him he had become embarrassed, and "if he did not get help of those who held Scofield's various notes, he did not know how he would get through." He was informed that the notes were held by different banks, and asked the plaintiff to advance money and take them up, saying he would waive protest and give his own notes for the amount. After some further conversation, the plaintiff "agreed to furnish the money to take up the notes," and in pursuance of that arrangement the defendant waived protest, and the plaintiff, as the several notes matured, advanced the money necessary to pay and take them up. The defendant afterward refused to give his notes for the amount,

and thereupon the plaintiff brought this action to recover the money so paid by him.

The defendant denied making any request to the plaintiff to advance money or pay the notes, and gave evidence tending to prove that he indorsed the notes for the accommodation of Scofield, and offered to show that they were discounted by the plaintiff at a usurious rate. But the trial judge excluded the evidence and submitted the case to the jury, saying, " the simple question of fact for you to pass upon is this, and nothing more : Did Mr. DeGraaf" (the defendant) " on the 24th day of May, request Mr. Wyckoff " (the plaintiff) "to take up those notes, and did Mr. Wyckoff under that request take them up ?' If so, he is entitled to a verdict, otherwise it should be for the defendant."

The defendant, of course, concedes that if such request had been made to one not a party to the notes, and acted upon by him, a liability would have arisen upon which an action could be maintained; but he contends for a different rule in this case, because, he says, the plaintiff was under a prior legal obligation to pay the notes, and, therefore, his doing so, although at the request of the defendant, creates no liability on the part of the latter. The defense is in substance, therefore, that the consideration on which the defendant's promise was based was that the plaintiff should do what he was already bound to do.

It seems to me the rule has no application. In the first place, the obligation primarily incurred by the plaintiff was a contingent one — to pay only on default of the maker and after protest and the proceedings necessary thereon. In the next place it was no obligation whatever to the defendant, nor was he in any manner interested in its performance. On the contrary his liability as prior indorser was to the plaintiff, and neither at the time the request was made, nor at the time of compliance, had the contingent liability of the plaintiff as indorser become fixed or absolute. The defendant was a stranger to the contract between the plaintiff and the holder of the paper, but under the law, he as first indorser was also bound to the holder to pay the notes if the maker did not. He was

indeed bound to both parties; to pay the holder the full amount or, failing ·in that, to repay his subsequent indorser such sums as he should pay. These obligations grew out of his relation to the paper and are implied from its terms, but they do not prevent such an express contract as the one before us. Nor to sustain it, need it appear that the promisor acquired any actual advantage. It is enough that at his request something was done which originally the other party had not undertaken to do — as in this case, payment at maturity and before protest, instead of after default by the other parties. Before the arrangement of May 24th, the plaintiff owed no duty whatever to the defendant. At that time one was created, and of a very different kind from that which he was under to the holder of the paper. By reason of it, something was done beyond what he was otherwise bound to do, and this is consideration enough within all the authorities. (*Williamson* v. *Clements*, 1 Taunt. 523; *Baily* v. *Croft*, 4 id. 611; *Shadwell* v. *Shadwell*, 9 C. B. [N. S.] 159; *Nash* v. *Armstrong*, 10 id. 259; *Scotson* v. *Pegg*, 6 H. & N. 295; *L'Amoreux* v. *Gould*, 7 N. Y. 349.)

In the case last cited the distinction between the liability of an indorser to pay notes upon which he was charged, and those yet to become due, is pointed out, and it ;was held that while payment of the first would form no consideration for a promise of repayment, by the voluntary payment of the other, without reference to being fixed as indorser, he assumed a liability and performed an act detrimental to himself, which would furnish a good consideration for the promise. This decision was followed in *Sanders* v. *Gillespie* (59 N. Y. 250) where a promise by a second indorser to make compensation to the first indorser of a note, in case he paid it at maturity, was sustained upon the ground that a different relation was assumed and a more onerous duty. In the *Gould Case* there was performance in reliance upon a promise; in the other, mutual promises. But the form makes no difference. The legal consequence is the same. (*Willetts* v. *Sun Mutual Ins. Co.*, 45 N. Y. 45.)

There is, however, more than that in the case before us, for it cannot be said as matter of law that it was no advantage to the defendant to have payment made before protest or new credit given to him, and both of these things were secured by the agreement. They seemed to him material at the time. The plaintiff, therefore, waived a right to which he was entitled and so enlarged his liability and the defendant received a benefit. The plaintiff performed on his part. The jury have found that the money was paid at the request of the defendant, made May 24. Under these circumstances a valid contract was established, differing in all respects from the former legal obligation of the plaintiff, and he should have had judgment upon the verdict.

It is now objected by the respondent that the case was not one proper to be heard in the first instance at General Term. I do not find that he objected at the trial to directions sending it there and it is now too late to do so. He has had the benefit of a decision in that court in his favor and cannot successfully object to its review. (*Byrnes* v. *City of Cohoes*, 67 N. Y. 204.)

The order of the General Term should be reversed and the plaintiff have judgment upon the verdict.

All concur.

Order reversed and judgment accordingly.