LEMUEL HERENDEEN, JOHN P. FRAZER and JAMES B. GARDNER, as SUPERINTENDENTS OF THE POOR OF ONTARIO COUNTY, RESPONDENTS, *v.* HENRY G. DE WITT, APPELLANT.

*Support of a parent by his child — a promise to the superintendents of the poor to do so, when enforceable — consideration of a contract, exemplification of entries of account by a county treasurer, when evidence.*

At common law no legal duty rests upon a child to support his indigent parent, and until proceedings to charge him with such support are taken as provided by statute he is not liable therefor.

Where a son requests the superintendents of the poor to take proceedings to have the father of the former committed to an asylum, and promises to pay a certain sum towards his future support, he is liable therefor.

*Semble,* that the commitment, in pursuance of such request, will support a promise to pay for past support.

A promise embracing within it both a past and an executory consideration is supported in its entirety by the executory portion of it.

A writing subscribed by a county treasurer, purporting to be a detailed statement of the sums paid by the county for the support of a patient at an insane asylum, is admissible as evidence.

APPEAL from judgment against the defendant, entered on a verdict rendered at the Ontario Circuit.

The action was brought in April, 1887, on an instrument in writing, of which the following is a copy :

"CANANDAIGUA, *October* 9, 1886.

"For value received I promise to pay the superintendents of the poor of Ontario county fifty dollars, without interest, on the first day of April, 1887; fifty dollars on the first day of April, 1888, and fifty dollars on the first day of April in each and every year thereafter until $1,000 in all is paid.  Said payments to be made at the banking office of McKechnie & Co., and to cease at my death. In case I paid $600 within three years from this date this note to be canceled."

"H. G. DE WITT."

The plaintiff recovered fifty dollars — the first installment, and interest from the time it became due.

*John Gillette,* for the appellant.

*W. S. Oliver* and *James C. Smith,* for the respondents.

BRADLEY, J.:

The ground of the defense upon the merits was, and the main contention on the part of the defendant here is, that there was no consideration to support the promise of the defendant, expressed in the instrument sued on.   As the appeal is from the judgment only, no question can be given consideration on this review, other than such as was raised by exception taken on the trial.   The defendant's counsel asked for the direction of a verdict which was declined and exception taken.   And a verdict was directed for the plaintiff upon the request of his counsel, to which exception was also taken.   The question presented by the evidence was treated by the counsel as one of law only.   It, therefore, is not important whether otherwise there may or may not have been a question of fact for the jury, as the court was permitted to dispose of it.   And the only question presented by the · direction of the verdict is, whether the evidence was sufficient to support it.   (*Ormes* v. *Dauchy*, 82 N. Y., 443; *Dillon* v. *Cockcroft*, 90 id., 649; *Provost* v. *McEncroe*, 102 id., 650.)

The evidence tends to prove that the written promise was given by the defendant, on account of a claim made by the plaintiffs against him, by way of reimbursement for the expenses incurred by the county of Ontario for maintaining the father of the defendant in the Willard Asylum for several years.   The father was insane. The defendant requested the superintendents of the poor to place him in the asylum.   They did so by proceedings regularly conducted for that purpose, and the county became chargeable to the asylum for the expense of his support and maintenance there.   (Laws of 1874, chap. 446, tit. 1, §§ 5, 16; tit. 4, § 6.)   And the evidence on the part of the plaintiffs tends to prove, that when the defendant made application to them to confine his father in the asylum he said he was not able to support him in full, but that he would reimburse the county to the amount of fifty dollars a year, and that thereupon the superintendents agreed to and did take the requisite steps to transfer him to the asylum, where he was taken and remained several years at the expense of the county.

At common law no legal duty or liability rests upon a child to support his indigent parent, and the means by which he may be charged *in invitum* are wholly statutory.   (*Edwards* v. *Davis,*

16 Johns., 281.) And for that purpose proceedings must be taken as prescribed by the statute, the provisions of which, substantially as they were in prior statutes, are now in the Code of Criminal Procedure (§§ 914, 920). No proceedings were had under the statute to charge the defendant, and he is not liable for the maintenance of his father or to reimburse to any extent the county for the expenses incurred by it in that behalf, unless rendered so by his request and promise to the superintendents of the poor. Assuming, as we must, that the promise in writing was to pay wholly for expenses incurred or paid for the past care, support and maintenance of the father at the asylum, it alone would seem to have no consideration for its support, because, in that view, there would have been no prior legal obligation of the defendant to pay, and such expense was not, in a legal sense, incurred for his benefit. One of those facts is an element essential to the validity of a promise when there is no concurrent consideration. (*Mills* v. *Wyman,* 3 Pick., 207 ; *Loomis* v. *Newhall,* 15 id., 159 ; *Ehle* v *Judson,* 24 Wend., 97 ; *Chilcott* v. *Trimble,* 13 Barb., 502.) It is contended that, as the primary liability was upon the county for taking care of the father in the asylum, the promise of the defendant made to the superintendents of the poor before his father was taken there was, within the statute of frauds and void, as it was a promise to pay a debt which the county should incur. That proposition cannot be adopted.

The request and promise then made by the defendant constituted an original undertaking on his part. The expense incurred in the manner contemplated to the extent of the promise was a good consideration for it. And for that purpose mutuality of agreement at the time of the request and promise was not essential. The promise became effectual on performance pursuant to the request (*L'Amoreux* v. *Gould,* 7 N. Y., 349 ; *Willetts* v. *The Sun Mut. Ins. Co.,* 45 id., 45 ; *Todd* v. *Weber,* 95 id., 181 ; *Andrews* v. *Ives,* 3 Conn., 368.) The promise of the defendant then made, was to pay fifty dollars annually toward the maintenance of his father in the asylum, or by way of reimbursement to the county through the superintendents as its officers. The full sum expressed in the written instrument exceeds the amount which such annuity would produce. The plaintiff's counsel contends that the defendant is, nevertheless, charged by this instrument, and liable to the full per-

formance of his promise contained in it. The doctrine that a promise, embracing within it both a past and an executory consideration, is supported in whole by the executory part of it, is recognized. (*Loomis* v. *Newhall*, 15 Pick., 159.)

The defendant, by his previous request and promise, became liable to pay only fifty dollars annually, because the effect of the request was qualified by the promise to make such payment. If, however, in consideration that the plaintiff should continue to maintain the father at the asylum, the defendant had promised, in due form, to pay the expense already, as well as that thereafter incurred, the promise would have been within the rule before stated. But whether the merely giving credit to the defendant, for the full amount of the expenses before then incurred, constitutes a consideration to support his promise to pay the amount embraced in it, beyond that which he had by his prior arrangement undertaken to pay, is a question not necessarily requiring an opinion, and none is given on this review upon it. The recovery had, may be supported by the previous request and promise of the defendant, which were proved without objection, and no question is raised upon the complaint in that respect. It was formerly a rule of pleading, and such it probably is now, that where the consideration was executed, and the validity of the promise depended upon a previous request, such request should be alleged. (*Comstock* v. *Smith*, 7 John., 87.) The subsequent written agreement imports *prima facie* liability of the defendant to pay, and upon that the plaintiffs have by their pleading wholly placed their cause of action alleged.

In view of the undisposed of question as to the extent of the liability of the defendant, the defendant should not be concluded by the record. And to obviate any question in that respect the complaint should be so amended as not to rest the alleged cause of action entirely upon the written instrument. And the amended pleading should set out the request and promise to pay, annually, fifty dollars, as the evidence tends to prove the facts in that respect. So that the question as to the extent of the defendant's liability may be left open for further consideration, if it ever arises, and when he shall have been heard upon it.

The plaintiff put in evidence, subject to the exception of the defendant, a statement in writing, subscribed by the county treasurer,

purporting to be a detailed statement of the sums paid by the county for the support of the defendant's father at Willard Asylum, with a like statement of rebates on his board there. The form in which the paper was made was waived by the defendant's counsel, and the objection went to its competency in any form which it could be certified by that officer. The question, therefore, seems to be whether an exemplification made by him of the entries on his books in that respect, would have been competent evidence. Our attention is called to no statute on the subject, and although the question may not be free from doubt, we are inclined to think that a copy from his books, duly certified by him, would be proper evidence upon the general rule, that when a public officer is bound to record a fact, a copy of the record of. it duly authenticated is competent evidence. (1 Greenl. Ev., § 498.) And when. he may, by law, be required to make a report or return of his acts, a copy in like manner, certified by him, is proper as evidence. (*Erickson* v. *Smith*, 2 Ct. App. Dec., 64; S. C., 38 How., 454.)

This officer is required to keep a true account of the receipts and expenditures of all moneys which come to his hands as such, in a book kept for that purpose, provided at the expense of the county. (1 R. S., 369, § 21.) The moneys used for the purposes in question were expended by the treasurer, and it was his official duty to keep a true account of them in the book kept in his office. This evidence may not have been essential to the recovery had, but we are inclined to think that, in view of the waiver of the informality, the statement was properly received in evidence.

The judgment should be affirmed, and the plaintiff directed to amend, for the purposes of the record, the complaint in the manner above indicated.

HAIGHT and DWIGHT, JJ., concurred.

Judgment affirmed and plaintiff directed to amend complaint as indicated in the opinion.