WILLIAM H. HURST, Respondent, *v.* CRESSON AND CLEARFIELD COAL AND COKE COMPANY, Appellant.

*Promise to pay made subsequent to the completion of services — allegations that they were rendered by request — parol evidence, when inadmissible.*

The general rule is that where a promise to pay for services, made subsequent to their completion, is alleged in a complaint, it must also be alleged therein that such services were rendered at the defendant's request.

Where, however, a contract set forth in full in the complaint, not only expresses the consideration but imports that the services which constituted it were performed at the request of the defendant, and asserts a previous request, or such a request is fairly inferable therefrom, it is unnecessary that the request be specially pleaded.

Parol evidence will be rejected when offered to cut down or take away obligations entered into between parties, and by them put in writing.

APPEAL by the defendant, the Cresson and Clearfield Coal and Coke Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of November, 1894, upon the verdict of a jury, rendered by direction of the court, after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 21st day of November, 1894, denying the defendant's motion for a new trial made upon the minutes.

*William Strauss* and *Charles F. Estwick*, for the appellant.

*Benjamin Yates*, for the respondent.

PARKER, J. :

The object of this action was to recover the sum of $6,031.71, a balance claimed to be due to the plaintiff under a contract of which the following is a copy :

"BOSTON, MASS., *June* 8, 1891.

"In consideration for special services rendered in securing contract with the New York and New England R. R. for 200,000 tons of coal, more or less, we hereby agree to pay John E. Ingersoll, of New York, as a commission for said special services 15c. (fifteen cents) per ton on all coal sold and delivered to the said New York

.and New England R. R. under contract made this day with said New York and New England R. R., from June 10, 1891, to June 10, 1892, said commission of 15c. (fifteen cents) per ton, to be paid by us to the said Ingersoll as fast as said coal is delivered to and paid for by the said New York and New England R. R.

"CRESSON & CLEARFIELD COAL & COKE CO.,

"Witness: By J. C. WITTENBERG.

"SAM'L C. ELLIOTT."

The complaint set up a copy of the contract, the delivery of 106,875 tons of coal by the defendant to the New York and New England Railroad Company, payment therefor by it to the defendant, payment by the defendant to Ingersoll, plaintiff's assignor, of the sum of $10,000 on account of the amount due him from the defendant for commissions under the contract, and the assignment of Ingersoll's interest under the contract to this plaintiff prior to the commencement of this action.

When the cause came on for trial the defendant moved to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. This motion was founded upon the authority of *Lampleigh* v. *Brathwait* (1 Smith's L. C. 67 [Hare & Wallace ed.] [7th Am. ed.] 280); *Parker* v. *Crane* (6 Wend. 647); *Comstock* v. *Smith* (7 Johns. 87); *Bartholomew* v. *Jackson* (20 id. 28); *Herendeen* v. *De Witt* (49 Hun, 56).

These cases assert the general rule to be, that where a promise to pay, made subsequent to the completion of the services, is alleged in the complaint, it must also be alleged that such services were rendered at defendant's request. In *Comstock's* case the court said: "It does not seem requisite in every case of a past consideration to lay an express request in the declaration, though the cases in which it is not required are rather exceptions to the general rule. They are such in which a beneficial consideration and a request are necessarily implied from the moral obligation under which a party was placed." And in *Herendeen's* case the court said: "It was formerly a rule of pleading, and such it probably is now, that where the consideration was executed, and the validity of the promise depended upon a previous request, such request . should be alleged."

Assuming, as did the court in the last case, that the general rule asserted by the cases we have cited now obtains, still this case is not within it, because the contract not only expresses the consideration, but it imports that the services, which constituted it, were performed at the instance of the defendant. It asserts the making of the contract between defendant and the New York and New England Railroad Company on the day when the agreement in suit was executed, by which the former was to furnish the latter coal for a period of one year; and that in consideration of the special services of Ingersoll in securing for the defendant such contract, it would pay him a commission of fifteen cents a ton as fast as the coal should be delivered and paid for. In other words, defendant by its contract, said, in effect, Ingersoll has by special services in our behalf induced the New York and New England Railroad Company to enter into a contract with us this day, which is of such value, that we agree to pay him a fixed commission in consideration for such services. It is certainly a reasonable inference, from the language employed, that the special services were rendered at the request of the defendant. And when the contract asserts a previous request, or such a request is fairly inferable from the instrument, it is unnecessary that the request should be specially pleaded if the contract be set up in full. Our conclusion, therefore, is that the court did not err in denying the motion to dismiss the complaint.

The plaintiff to establish his cause of action put in evidence the contract between the defendant and the New York and New England Railroad Company, consisting of a letter of the former under date of May 20, 1891, offering coal and terms, and an acceptance by the latter by letter signed and delivered to defendant in Boston on June eighth, on which date and at the same place the contract between defendant and Ingersoll was executed and delivered by the defendant.

It was admitted that under the contract the defendant delivered to, and was paid by, the railroad company, for 97,500 tons of coal. And it was conceded that at the contract rate the sum remaining due under the Ingersoll contract was $5,278.48. This evidence, together with the admissions contained in the answer, made out a cause of action.

The answer of the defendant alleged for a counterclaim to plain-

tiff's cause of action, and by way of a separate defense, " that on or about the 8th day of June, 1891, and previous to the entering into the contract hereinbefore referred to, the said John E. Ingersoll represented, promised and agreed to and with the defendant   *   *   * that he, Ingersoll, would obtain from the New York and New England Railroad Company special concessions and privileges for the defendant with reference to the shipment of all coal called for under the contract to be entered into with the New York and New England Railroad Company." It further alleges that such concessions and privileges were granted by the railroad company to the defendant in respect to the 60,000 tons of coal and no more, and that the failure of Ingersoll to carry out the contract, occasioned by the railroad company's refusal to grant the concessions and privileges as Ingersoll represented it would do, caused damage to the defendant in the sum of $15,000.

The evidence offered by the defendant in support of its alleged counterclaim was excluded by the court upon the grounds :

(1) That it appears by the answer that the alleged promise of Ingersoll was made prior to the contract sued upon, and, therefore, became merged in the written contract executed by the defendant.

(2) That were his promises to be treated as collateral to the main contract, such promise, whatever it was, was fulfilled when he secured a contract which was satisfactory to, and accepted by, the defendant. In thus ruling the court did not commit error.

The authorities cited by the counsel for the appellant in support of the proposition, that the rule prohibiting the reception of parol evidence to vary or modify a written agreement does not apply where the original contract was verbal and entire and a part only was reduced to writing, nor to a collateral undertaking, is not applicable to this situation. There is nothing in this contract which suggests that it does not embody the entire agreement of the parties. On the contrary, it asserts that Ingersoll had performed the services which constituted the consideration for the contract.

According to its terms Ingersoll was to be paid a commission on the coal sold and delivered to the railroad company, because of the services which he had already rendered in procuring the railroad company to enter into a contract with the defendant which it had accepted. The concessions and privileges which the defendant

asserts in its answer Ingersoll was to procure it alleges were to be procured by him from the railroad company, and in the ordinary course of business would have been embodied in the contract between the railroad company and the defendant, and its acceptance of the contract, which Ingersoll procured the railroad company to make with it, .evidenced its satisfaction with the work which he had performed in that direction. Its satisfaction was further confirmed and put at rest by the agreement thereafter executed by the defendant, by which, in terms, it agreed to pay the commission of fifteen cents a ton for the services rendered by him in procuring the execution of such contract.

In the light of these facts, and by reason of the language of this contract, it must be held that the rule, which requires the rejection of parol evidence when offered to cut down or take away obligations entered into between parties, and by them put in writing, was applicable.

The appellant also attempts to invoke in its support another exception to the general rule relating to the admission of parol evidence to change or modify a written agreement, to wit: That parol evidence may be admitted to prove that the paper, which is in form a complete contract, was delivered to take effect only on performance of a condition.

But it seems to us a sufficient. answer to this contention to say that there is nothing in either defendant's answer or in the evidence offered by it asserting or tending to establish that this contract was delivered upon condition that it should take effect only upon performance by the railroad company of conditions not specified in its contract with the defendant, or upon performance by Ingersoll of any future services, or to await a full realization by the defendant of the benefits expected to accrue as a result of services supposed to be fully performed. The contract on the other hand distinctly provided for payment to Ingersoll " as fast as said coal is delivered to and paid for by the said New York & New England R. R."

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.