(35 Misc. Rep. 32.)

## FARMER v. PUTNAM.

(Supreme Court, Appellate Term.  April 29, 1901.)

1. PARTNERSHIP—SPECIAL AGREEMENT—ACTION AT LAW THEREON.

Where one partner makes an express agreement to repay his share of certain expenses to be paid by his co-partner, the latter may maintain an action at law thereon to recover the money so expended.

2. SAME—REPUDIATION OF AGREEMENT.

A., who was a partner of B., requested the latter to pay the share of the former in certain expenses, and promised to repay him.  Before the payment was made, the attorney of B. requested A. to forward his share, which the latter refused to do, and the attorney then wrote that a further neglect to forward the money would be considered as a refusal so to do.  Thereafter B. paid the share of A.  *Held*, that B. could not recover the sum so paid on the promise of A. to repay, since the facts showed a repudiation of the promise before the payment was made.

3. SAME—CONTRACT—WANT OF MUTUALITY.

An agreement between two partners by which one binds himself to pay the share of the other in certain expenses only on receipt of funds therefor, and does not promise to pay from his own funds, though the other partner requests him to do so, and promises to repay him, is wanting in mutuality, and will not authorize a recovery of expenses paid by the former after the latter has refused to advance funds for such purpose.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action on a contract by Charles A. Farmer against George L. Putnam.  From a judgment of the municipal court of the city of New York in favor of plaintiff, defendant appeals.  Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVEN-TRITT, JJ.

Le Roy D. Ball, for appellant.

A. G. N. Vermilyea, for respondent.

BISCHOFF, P. J.  The parties, as joint owners in unequal proportion of certain patents for an improvement in firearms, letters for which had issued to them in foreign countries, had associated themselves under written articles for the purposes of exploitation of their invention.  Certain charges for the year 1900 were required to be paid to preserve their rights as patentees, and these, with the expense incidental to remittance, were borne by the plaintiff.  Thereafter this action was brought to recover from the defendant his proportion of such charges and expenses, the plaintiff alleging that the payment was made in reliance upon the defendant's express promise to refund the amount in proportion to his ownership of the patents.  Counsel for the appellant contends, and counsel for the respondent concedes, that under the written articles hereinbefore alluded to the parties were co-partners.  However, notwithstanding this fact, the action was, nevertheless, maintainable, since no accounting of their joint transactions was involved (Ferguson v. Baker, 116 N. Y. 257, 22 N. E. 400; Bank v. Delafield, 126 N. Y. 410, 27 N. E. 797); but plaintiff clearly failed in his proof, and the evidence in no aspect justifies the judgment recovered.  The defendant's alleged promise was made in August, 1899, and the pay-

ment of the charges imposed upon the patents was not made by the plaintiff until some time after May 21, 1900. Between these dates correspondence ensued between the parties, which took its initiative from the plaintiff's demand of the defendant that the latter remit his proportion of the accruing charges; a demand with which the defendant pertinaciously refused to comply, excepting that he intimated his consent to such payment out of a balance of money claimed by him to be unexpended, and in the plaintiff's hands; and the correspondence culminated in the plaintiff's letter to the defendant's attorney under date of June 12, 1900, from which we quote as follows: "I have now given you ample notice and opportunity to act in the matter of payment of taxes due the 25th inst., and a further neglect on your client's part to furnish in cash his proportion of the gross amount then payable will be considered by me as a refusal on his part to do so." That the defendant's attitude was a pronounced repudiation of the promise claimed to have been made by him, and that the plaintiff did not, therefore, make the asserted payment with reliance upon any such promise, seems irrefragable from the circumstances detailed. But counsel asserts that plaintiff made the payment in performance of a contract, made in August, 1899, so to do, from which neither party was at liberty to recede. What contract? We have scrutinized the record in a vain effort to find evidence sufficient to support the contention that there was one. The plaintiff's personal attitude upon the trial was consistent only with a promise on his part to meet the defendant's proportion of the patent charges out of money to be previously remitted by the latter. Nowhere does it appear that the plaintiff engaged to pay such charges in consideration of the defendant's promise to refund his proportion of the amount after it had been paid,— an engagement which might have entailed liability in damages for a breach of its performance. The plaintiff's attitude, as has already been said, was a clear and unmistakable disclaimer of any such engagement upon his part. Where, then, was the mutuality, the constituent of every contract? 5 Lawson, Rights, Rem. & Prac. p. 3758, § 2243. Clearly, from the proof there was no more than the defendant's offer to refund his proportion of the necessary charges if the plaintiff should meet them. Until acted upon by the plaintiff, he was permitted to withdraw. L'Amoreux v. Gould, 7 N. Y. 349; Willetts v. Insurance Co., 45 N. Y. 45. And that he did withdraw the offer, if it was ever made, before any of the charges upon the patents were met by the plaintiff, is apparent from his repudiation of it in the course of the correspondence already alluded to. Certain it is that the defendant's attitude therein was not such as to persuade the plaintiff to believe that he intended to fulfill any such promise.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.